| | |
|---|---|
| 1 | Jeffrey A. LeVee (State Bar No. 125863) |
| | jlevee@JonesDay.com |
| 2 | Kate Wallace (State Bar No. 234949) |
| | kwallace@JonesDay.com |
| 3 | JONES DAY |
| | 555 South Flower Street |
| 4 | Fiftieth Floor |
| | Los Angeles, CA  90071.2300 |
| 5 | Telephone:  (213) 489-3939 |
| | Facsimile:   (213) 243-2539 |
| 6 | |
| 7 | Attorneys for Defendant |
| | INTERNET CORPORATION FOR |
| 8 | ASSIGNED NAMES AND NUMBERS |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANWIN LICENSING INTERNATIONAL S.A.R.L., a Luxembourg limited liability company (s.a.r.l.), and DIGITAL PLAYGROUND, INC., a California corporation, | Case No. CV11-9514 PSG (JCGx) |
| | Assigned for all purposes to The Honorable Philip S. Gutierrez |
| Plaintiffs, | **DEFENDANT INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| v. | |
| ICM REGISTRY, LLC, d.b.a. .XXX, a Delaware limited liability corporation, INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS, a California non-profit public benefit corporation, and DOES 1-10, | [Notice of Motion and Motion To Dismiss First Amended Complaint; Memorandum of Points and Authorities; and [Proposed] Order Filed Concurrently Herewith] |
| Defendants. | Date:  July 30, 2012 |
| | Time:  1:30 p.m. |
| | Courtroom:  880 Roybal Federal Bldg. |

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Evidence 201, Defendant Internet Corporation for Assigned Names and Numbers ("ICANN") hereby respectfully requests that, in considering its concurrently-filed Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Federal Rule of Civil

1  Procedure 12(b)(6), the Court take judicial notice of the following documents:

2      (A)   **Articles of Incorporation for ICANN**, as revised effective November 21, 1998, available at http://www.icann.org/en/general/articles.htm, a true and correct copy of which is attached hereto as Exhibit A;

    (B)   **Bylaws for ICANN**, as amended effective December 8, 2011, available at http://www.icann.org/en/general/bylaws.htm, a true and correct copy of which is attached hereto as Exhibit B.

    (C)   **.XXX Registry Agreement**, dated March 31, 2011, available at http://www.icann.org/en/about/agreements/registries/xxx, a true and correct copy of which is attached hereto as Exhibit C.

    (D)   **.JOBS Registry Agreement**, dated May 5, 2005, available at http://www.icann.org/en/about/agreements/registries/jobs, a true and correct copy of which is attached hereto as Exhibit D; and

    (E)   **.TRAVEL Registry Agreement**, dated May 5, 2005, available at http://www.icann.org/en/about/agreements/registries/travel, a true and correct copy of which is attached hereto as Exhibit E.

Plaintiffs reference these documents both directly and indirectly within their First Amended Complaint without raising any question as to the authenticity of the documents. Further, these documents constitute facts not reasonably subject to dispute. Accordingly, they may be properly considered in connection with ICANN's Motion to Dismiss Plaintiffs' First Amended Complaint.

## LEGAL STANDARD

"[A] district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds*; *see also Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002) (under the Ninth Circuit's "incorporation by reference" rule, a court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment).

1    This includes documents that are integral to a plaintiff's claims but not explicitly incorporated in the complaint. *Van Buskirk*, 284 F.3d at 980; *see also Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1114 (C.D. Cal. 2003) (taking judicial notice of signed contracts relied upon in the complaint but not incorporated); *In re Northpoint Communs. Group, Inc., Secs. Litig.*, 221 F. Supp. 2d 1090, 1095 (N.D. Cal. 2002) ("In ruling on a motion to dismiss, a court may take judicial notice of a document if it is relied on in the complaint (regardless of whether it is expressly incorporated therein) and its authenticity is not disputed.")

When ruling on a motion to dismiss, a district court may properly consider documents referred to in a complaint though not attached thereto, so long as neither party questions the authenticity of those documents. *In re Silicon Graphics Securities Litigation*, 183 F.3d 970, 986 (9th Cir. 1999), *superseded by statute on other grounds* (considering SEC filings referenced within a complaint when ruling on a 12(b)(6) motion to dismiss); *Parrino*, 146 F.3d at 706 (on motion to dismiss, court may consider documents not attached to complaint yet crucial to claim); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) *overruled on other grounds by Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1127 (9th Cir. 2002) (approving of consideration of documents mentioned in complaint when ruling on a 12(b)(6) motion). This includes documents that are integral to a plaintiff's claim but not explicitly incorporated in the complaint. *Parrino*, 146 F.3d at 706.

Under Federal Rule of Evidence 201, a fact is judicially noticeable when it is not subject to reasonable dispute and is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Information obtained from a website where neither party questions the authenticity of the site or the document meets the definition of Fed. R. Evid. 201 is a proper subject of judicial notice. *Pollstar v. Gigmania Ltd.*, 170 F. Supp. 2d 974, 978 (E.D. Cal. 2000) (taking judicial notice of website printout referenced in complaint when ruling on motion to dismiss); *see also O'Toole v. Northrop Grumman Corp.*, 499

F.3d 1218, 1224-25 (10th Cir. 2007) (taking judicial notice of website and information contained therein and collecting cases regarding propriety of same).

## ARGUMENT

The allegations in Plaintiffs' First Amended Complaint are inextricably intertwined with the following documents that this Court may judicially notice. Judicial notice of these documents is necessary to give the Court a more complete understanding of the facts upon which Plaintiffs' entire First Amended Complaint rests.

### ICANN's Articles of Incorporation (Exhibit A)

Plaintiffs cite to ICANN's Articles of Incorporation in Paragraphs 27 and 30 of their First Amended Complaint. In addition, Plaintiffs' First Amended Complaint necessarily implicates ICANN's Articles of Incorporation, as it discusses ICANN's core functions and mission, including ICANN's pursuit of "the charitable and public purposes of lessening the burdens of government and promoting the global public interest in the operational stability of the Internet." (FAC ¶ 27.) ICANN's Articles of Incorporation (in effect at the time of the alleged harm to Plaintiffs) are pertinent to Plaintiffs' claims, not subject to reasonable dispute, and are publicly available on ICANN's web site. (*See* http://www.icann.org/en/general/articles.htm.) Therefore, ICANN's Articles of Incorporation may be considered in the determination of ICANN's Motion to Dismiss. *Parrino,* 146 F.3d at 706.

### ICANN's Bylaws (Exhibit B)

Plaintiffs cite to ICANN's Bylaws in Paragraphs 28-30, 50 and 51 of their First Amended Complaint. In addition, Plaintiffs' First Amended Complaint necessarily implicates ICANN's Bylaws, as it discusses the scope of ICANN's responsibilities in coordinating the domain name system and ICANN's contractual and remedial power over other entities. (FAC ¶¶ 23-30). ICANN's missions and powers are set forth in the Bylaws, as well as its policy development process.

ICANN's Bylaws (in effect at the time of the alleged harm to Plaintiffs) are pertinent to Plaintiffs' claims, not subject to reasonable dispute, and are publicly available on ICANN's web site. (*See* http://www.icann.org/en/general/bylaws.htm.) Therefore, ICANN's Bylaws may be considered in the determination of ICANN's Motion to Dismiss. *Parrino,* 146 F.3d at 706. In fact, previous iterations of ICANN's Bylaws have been determined to be proper subjects of judicial notice. *Verisign, Inc. v. Internet Corp. for Assigned Names & Numbers*, Case No. CV 04-1292 AHM (CTx), 2004 U.S. Dist. LEXIS 17330 (C.D. Cal. Aug. 26, 2004) (taking judicial notice of earlier version of Bylaws when granting Rule 12(b)(6) motion).

### The .XXX Registry Agreement (Exhibit C)

The registry agreement that ICANN entered into with ICM for operation of the .XXX TLD is at the center of Plaintiffs' First Amended Complaint. Indeed, the crux of Plaintiffs' allegations is that in executing the .XXX Registry Agreement ICANN and ICM violated the antitrust laws. The .XXX Registry Agreement is thus pertinent to Plaintiffs' claims, not subject to reasonable dispute, and is publicly available on ICANN's web site. (*See* http://www.icann.org/en/about/agreements/registries/xxx.) Therefore, the .XXX Registry Agreement may be considered in the determination of ICANN's Motion to Dismiss. *Parrino,* 146 F.3d at 706.

### The .JOBS Registry Agreement (Exhibit D)

Plaintiffs compare the contract provisions in the .XXX Registry Agreement to the contract provisions of other registry agreements in Paragraph 56(a) of their First Amended Complaint. Plaintiffs also discuss ICANN's approval of registry operators, as manifested in a registry agreement, in Paragraph 32 of their First Amended Complaint. The .JOBS Registry Agreement, executed on May 5, 2005 between ICANN and Employ Media is one such registry agreement. The .JOBS Registry Agreement is pertinent to Plaintiffs' claims, not subject to reasonable

dispute, and is publicly available on ICANN's web site. (*See* http://www.icann.org/en/about/agreements/registries/jobs.) Therefore, the .JOBS Registry Agreement may be considered in the determination of ICANN's Motion to Dismiss. *Parrino,* 146 F.3d at 706.

### The .TRAVEL Registry Agreement (Exhibit E)

Plaintiffs compare the contract provisions in the .XXX Registry Agreement to the contract provisions of other registry agreements in Paragraph 56(a) of their First Amended Complaint. Plaintiffs also discuss ICANN's approval of registry operators, as manifested in a registry agreement, in Paragraph 32 of their First Amended Complaint. The .TRAVEL Registry Agreement, executed on May 5, 2005 between ICANN and Tralliance Corporation is one such registry agreement. The .TRAVEL Registry Agreement is pertinent to Plaintiffs' claims, not subject to reasonable dispute, and is publicly available on ICANN's web site. (*See* http://www.icann.org/en/about/agreements/registries/travel.) Therefore, the .TRAVEL Registry Agreement may be considered in the determination of ICANN's Motion to Dismiss. *Parrino,* 146 F.3d at 706.

## CONCLUSION

For all the foregoing reasons, ICANN respectfully requests that the Court take judicial notice of Exhibits A-E, attached hereto.

Dated:	May 8, 2012	JONES DAY

By:  /s/ Jeffrey A. LeVee
Jeffrey A. LeVee

Attorneys for Defendant
INTERNET CORPORATION FOR
ASSIGNED NAMES AND
NUMBERS

LAI-3157251v2