Jeffrey A. LeVee (State Bar No. 125863)
jlevee@JonesDay.com
Kate Wallace (State Bar No. 234949)
kwallace@JonesDay.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071.2300
Telephone:   (213) 489-3939
Facsimile:    (213) 243-2539

Attorneys for Defendant
INTERNET CORPORATION FOR
ASSIGNED NAMES AND NUMBERS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANWIN LICENSING INTERNATIONAL S.A.R.L., a Luxembourg limited liability company (s.a.r.l.), and DIGITAL PLAYGROUND, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ICM REGISTRY, LLC, d.b.a. .XXX, a Delaware limited liability corporation, INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS, a California non-profit public benefit corporation, and DOES 1-10,<br><br>Defendants. | Case No. CV11-9514 PSG (JCGx)<br><br>Assigned for all purposes to The Honorable Philip S. Gutierrez<br><br>**DEFENDANT INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS' RESPONSE TO PLAINTIFFS' OPPOSITION TO ITS REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>[Reply Memorandum in Support of Motion to Dismiss Filed Concurrently Herewith]<br><br>Date:           July 30, 2012<br>Time:          1:30 p.m.<br>Courtroom:  880 Roybal Federal Bldg. |

# INTRODUCTION

In their opposition to ICANN's Request for Judicial Notice, Plaintiffs do not dispute that each of the documents attached to that request is quoted or referenced (either expressly or impliedly) in the FAC. Nor do they dispute the authenticity or reliability of those documents. Instead, they mischaracterize the extent to which the FAC relies on the documents, and the purpose for which ICANN has requested judicial notice. Plaintiffs' arguments do not preclude the Court from taking judicial notice of any of ICANN's documents. Accordingly, the Court should grant ICANN's Request for Judicial Notice in its entirety.

# ARGUMENT

## Each of ICANN's Documents Is a Proper Subject of Judicial Notice.

Plaintiffs do not dispute that the touchstone of the judicial notice inquiry is whether their complaint "necessarily relies" on the document for which notice is sought. Opp. at 1:17-18 (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), which quotes *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998) for the "necessarily relies" standard). Instead, Plaintiffs argue that for a complaint to "necessarily rely" on a document, the document must be "central" to the plaintiff's claims, although they do not discuss how this "centrality" standard is met. *See* Opp. at 1:22-27 (citing *United States v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011), which states that a complaint necessarily relies on a document if it is referenced in the complaint and is central to the plaintiff's claim, and then concludes this standard was met because "the Complaint expressly refers to and 'necessarily relie[d]'" on reports at issue). ICANN's documents are no less central to Plaintiffs' claims than those at issue in *Corinthian Colleges*.

To begin with, Plaintiffs concede that the .XXX Registry Agreement (Exhibit C) is judicially noticeable. Indeed they also ask the Court to take notice of that document (Opp. at 4:5-8), and ICANN does not oppose Plaintiffs' request. Thus, there is no dispute as to that document.

1   Although Plaintiffs attempt to disclaim their reliance on ICANN's Articles of Incorporation and Bylaws (Exhibits A and B), they do not dispute that the FAC repeatedly <u>quotes</u> from those documents. *See* FAC ¶¶ 28-30, 50-51. Plaintiffs do not cite a single case in which a court has denied judicial notice of a document that is quoted verbatim in a complaint.

In any event, Plaintiffs' rationale for excluding these documents lacks merit. For example, they contend that the recitation in the Articles of Incorporation that ICANN is a 'non-profit charitable organization" is irrelevant, despite the fact that they directly quoted this language in their complaint. *See* FAC ¶ 27. Of course, ICANN's non-profit status is relevant to Plaintiffs' claims because that status explains the very nature of ICANN and its activities with respect to the Internet's domain name system. Similarly, the FAC relies on ICANN's Bylaws for the proposition that ICANN's activities appropriately consider the need for market competition (FAC ¶ 29), yet the rest of the FAC contends that ICANN is conspiring to suppress competition. Whether ICANN is acting contrary to its Bylaws obviously is relevant to its intent under the antitrust laws. In short, despite Plaintiffs' tactical decision to challenge the relevance of the very documents on which the FAC relies, the FAC reveals the centrality of these documents to their claims.

Finally, Plaintiffs contend that the .JOBS and .TRAVEL Registry Agreements (Exhibits D and E) are not referenced in the FAC even as they recognize the precise relevance of those documents to their claims. Opp. at 5:11-15 (citing FAC ¶ 56(a)). A document need not be expressly referenced to merit judicial notice; here, the FAC impliedly references these documents, as Plaintiffs recognize by attempting to distinguish them. Opp. at 6:3-5. ICANN properly seeks judicial notice of these documents because they are central to Plaintiffs' pricing allegations and are of the same vintage as the .XXX Registry Agreement.

**<u>Plaintiffs Do Not Contest the Authenticity of ICANN's Documents, and Thus Their Blanket Objection to the Documents' Reliability Rings Hollow.</u>**

As discussed above, each of ICANN's documents is judicially noticeable because it is relied upon in the FAC. Therefore, ICANN need not establish that those documents are also judicially noticeable under Federal Rule of Evidence 201. Nonetheless, each document also meets this alternate standard, as explained in ICANN's initial request.

Plaintiffs do not affirmatively contest the authenticity or reliability of ICANN's documents under Rule 201; indeed, <u>they</u> request judicial notice of one of those documents—the .XXX Registry Agreement. Instead, Plaintiffs cite cases where the reliability of the information for which judicial notice was sought was called into question.[1] As *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1224 (10th Cir. 2007), makes clear, however, information obtained from a website where neither party questions the authenticity of either the site or the information is judicially noticeable under Rule 201. Plaintiffs concede this point. Opp. at 6-7 n.4 (noting that in *O'Toole* the correctness of the information for which judicial notice was requested was not refuted). Because Plaintiffs do not question the authenticity of ICANN's documents, each of which bears substantial hallmarks of reliability apart from the fact that it is hosted on ICANN's website, those documents are subject to judicial notice under Rule 201.

---

[1] *See Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007) (noting that "it is premature to assume that a webpage is owned by a company merely because its trade name appears in the uniform resource locator"); *Gonzales v. Unum Life Ins. Co. of America*, --- F. Supp. 2d ----, No. 09-CV-0468-AJB (WVG), 2012 WL 987290, at *9 n.4 (S.D. Cal. Mar. 22, 2012) (declining to take judicial notice of the "Wikipedia definition of Parkinson's Disease"); *CYBERsitter, LLC v. People's Republic of China*, 805 F. Supp. 2d 958, 963-64 (C.D. Cal. 2011) (taking judicial notice of facts of which the opposing party did "not dispute the existence or veracity" and denying request as to disputed facts); *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1168 (S.D. Cal. 2010) (noting that the opposing party sought to "determine whether the exhibits are authentic representations of the webpages"); *Experian Info. Solutions, Inc. v. Lifelock, Inc.*, 633 F. Supp. 2d 1104, 1107 (C.D. Cal. 2009) (declining to take judicial notice of an unidentified "web page of the Governor of Connecticut").

### Plaintiffs' Arguments Regarding the Purpose for Which Judicial Notice May Be Taken Is Beside the Point.

Throughout their opposition, Plaintiffs quibble about the purpose for which ICANN purportedly has asked the Court to take judicial notice. ICANN does not ask the Court to take judicial notice of its documents for any purpose not permitted by law. ICANN seeks judicial notice of its documents to identify the actual statements contained in the very documents on which Plaintiffs rely throughout the FAC, just as Plaintiffs concede is proper. Opp. at 3:9-11 (citing *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008), for the proposition that documents may be "considered for the purpose of determining what statements the documents contain"); s*ee, e.g.*, ICANN's Mot. to Dismiss at 14:25-28 (citing ICANN's Bylaws to establish the existence of provision prohibiting ICANN from acting as a DNS registry or registrar in competition with entities affected by its policies). Plaintiffs' incorrect speculation regarding ICANN's purpose in requesting judicial notice is not a basis to deny ICANN's request as to any of the documents at issue.

### CONCLUSION

For the reasons stated, ICANN respectfully requests that the Court take judicial notice of Exhibits A-E attached to its Request for Judicial Notice.

Dated: June 29, 2012          JONES DAY

By: /s/ Jeffrey A. LeVee
       Jeffrey A. LeVee

Attorneys for Defendant
INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS

SFI-736281v1