| | |
|---|---|
| 1 | THOMAS P. LAMBERT (SBN 50952) |
| | tpl@msk.com |
| 2 | JEAN PIERRE NOGUES (SBN 84445) |
| | jpn@msk.com |
| 3 | KEVIN E. GAUT (SBN 117352) |
| | keg@msk.com |
| 4 | MITCHELL SILBERBERG & KNUPP LLP |
| | 11377 West Olympic Boulevard |
| 5 | Los Angeles, California 90064-1683 |
| | Telephone:  (310) 312-2000 |
| 6 | Facsimile:   (310) 312-3100 |

Attorneys for Plaintiffs
Manwin Licensing International S.à.r.l.
and Digital Playground, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – ROYBAL FEDERAL BUILDING

| | |
|---|---|
| MANWIN LICENSING INTERNATIONAL S.À.R.L., a Luxemburg limited liability company (s.à.r.l.), and DIGITAL PLAYGROUND, INC., a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ICM REGISTRY, LLC, d/b/a .XXX, a Delaware limited liability corporation; INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS, a California nonprofit public benefit corporation; and Does 1-10, <br><br> Defendants. | Case No.  CV11- 9514 PSG (JCGx) <br><br> The Honorable Philip S. Gutierrez <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT ICANN'S REQUEST FOR JUDICIAL NOTICE OF DOCUMENTS REFERENCED IN ITS REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)** <br><br> Date:       July 30, 2012 <br> Time:       1:30 p.m. <br> Location: Courtroom 880 |

Mitchell Silberberg & Knupp LLP
4660871-3
4728548.3

PLAINTIFFS' OPPOSITION TO DEFENDANT ICANN'S REQUEST FOR JUDICIAL NOTICE OF DOCUMENTS REFERENCED IN ITS REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)

## OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

ICANN for the first time in its reply requests that the Court take judicial notice of an application for a new .sex top level domain ("TLD"). ICANN Reply Brief 9:26-28, n.8. ICM then relies on the same request. ICM Reply Brief 11:24-25 n.13. ICANN argues that the .sex application shows that there is not likely to be a .XXX monopoly in TLDs connoting adult-oriented content. ICANN Reply Brief 9:26-28, n.8. ICM argues that the .sex application shows there could be no agreement between ICM and ICANN that ICANN will not approve other TLDs connoting adult-oriented content. ICM Reply Brief 11:24-25 n.13.

However, the application was not referenced in the complaint and is not "central to plaintiff's claims," as generally required for judicial notice. *U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011); *see also* Plaintiffs' Opposition To Defendant ICANN's Request For Judicial Notice In Support Of Its Motion To Dismiss Plaintiffs' First Amended Complaint Pursuant To Rule 12(B)(6) ("Initial RJN Opposition").

First, the newly filed and unapproved application is not central or even relevant to Plaintiffs' allegation that ICANN agreed with ICM not to approve other TLDs connoting adult-oriented content. The application for .sex has only recently been submitted, and has not been approved (and cannot be approved for at least seven months). ICANN may never approve the application, consistent with its agreement with ICM not to do so. *See* FAC ¶¶ 56(d), 68. Even if ICANN does ever approve the application, that hardly disproves the agreement. There are very strong evidentiary facts proving the agreement – including not only language in the ICANN/ICM contract, but express admissions by Mr. Lawley that ICANN made that agreement with ICM. FAC ¶¶ 56(d), 68. If ICANN later approves .sex despite the agreement, that does not prove that no agreement was ever made. It

Mitchell Silberberg & Knupp LLP
4660871-3
4728548.3

1

PLAINTIFFS' OPPOSITION TO DEFENDANT ICANN'S REQUEST FOR JUDICIAL NOTICE OF DOCUMENTS REFERENCED IN ITS REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)

1  may only show that ICANN and ICM, having been caught by Plaintiffs in an
2  antitrust violation, thought better of performing their illegal arrangement.  This will
3  be a disputed factual issue that cannot be resolved by judicial notice of a single
4  unresolved application in isolation from other facts.

5      Second, the application is not central or relevant to Plaintiffs' claim that the
6  .XXX TLD forms an incipient monopoly for TLDs connoting adult-oriented
7  content.  Again, the application for .sex has not been approved.  Even if the
8  application is approved, the TLD registry may never operate.  The significance (if
9  any) to the .XXX monopoly of an unapproved application to an unformed potential
10 new TLD will be a matter for expert and factual testimony.  That issue too cannot
11 be resolved by reference to the mere application alone.

12     ICANN and ICM, by the way, misleadingly fail to disclose that subsidiaries
13 of ICM have themselves applied for a new .sex TLD, and for other adult oriented
14 TLDs such as .porn and .adult.  This is disclosed by the website referenced in
15 ICANN's reply.  ICM has touted its ability under its agreement with ICANN to
16 "block" applications by others for additional adult-oriented TLDs, and these
17 applications may confirm, enhance and extend ICM's monopoly of TLDs
18 connoting adult-oriented content.  *See*, *e.g.*, FAC ¶¶ 56(d), 68.

19     Not only is the .sex application not "central" or even relevant, ICANN's
20 mere reference to its own unauthenticated website remains insufficient to support
21 judicial notice.  *See*, *e.g.*, *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir.
22 2007) ("private corporate websites, particularly when describing their own
23 business, generally are not the sorts of 'sources whose accuracy cannot reasonably
24 be questioned' that our judicial notice rule contemplates") (internal citations
25 omitted); *CYBERsitter, LLC v. People's Republic of China*, 805 F. Supp. 2d 958,
26 963 (C.D. Cal. 2011) (no judicial notice of "unverified websites without an

27
28

Mitchell
Silberberg &
Knupp LLP

4728548.3

2
PLAINTIFFS' OPPOSITION TO DEFENDANT ICANN'S REQUEST FOR JUDICIAL NOTICE OF
DOCUMENTS REFERENCED IN ITS REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)

accompanying declaration as to when, where, and how such images or statements were obtained."). *See also* Initial RJN Opposition 6:6-7:9.

DATED: July 13, 2012

THOMAS P. LAMBERT
JEAN PIERRE NOGUES
KEVIN E. GAUT
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Jean Pierre Nogues
  Jean Pierre Nogues
  Attorneys for Plaintiffs

Mitchell Silberberg & Knupp LLP

4728548.3

3
PLAINTIFFS' OPPOSITION TO DEFENDANT ICANN'S REQUEST FOR JUDICIAL NOTICE OF DOCUMENTS REFERENCED IN ITS REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)