1  Richard P. Sybert, Bar No. 80731
   email rsybert@gordonrees.com
2  Hazel Mae B. Pangan, Bar No. 272657
   email hpangan@gordonrees.com
3  GORDON & REES LLP
   101 W. Broadway, Suite 1600
4  San Diego, California 92101
   tel (619) 696-6700 / fax (619) 696-7124
5
6  Bret A. Fausett, Bar No. 139420
   email bret@internet.pro
7  INTERNET PRO APC
   4640 Admiralty Way, 5th Floor
8  Marina Del Rey, California 90292
   tel (310) 496-5755
9  Attorneys for Defendant
10 ICM REGISTRY, LLC d/b/a .XXX, a Delaware limited liability company

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13

14
   MANWIN LICENSING INTERNATIONAL )   CASE NO.  CV 11-9514-PSG
15 S.A.R.L., a Luxembourg limited liability )   (JCGx)
   company (s.à.r.l.) and DIGITAL PLAY- )
16 GROUND, INC., a California corporation, )   *Honorable Philip S. Gutierrez*
                                          )
17                  Plaintiffs,           )
          v.                              )   **ICM REGISTRY, LLC'S**
18                                        )   **ANSWER TO FIRST**
   ICM REGISTRY, LLC, d/b/a .XXX, a       )   **AMENDED COMPLAINT**
19 Delaware limited liability corporation; )
   INTERNET CORPORATION FOR              )   DEMAND FOR JURY TRIAL
20 ASSIGNED NAMES AND NUMBERS, a         )
   California nonprofit public benefit     )
21 corporation; and Does 1-10,            )
                                          )
22                  Defendants.           )
   ──────────────────────────────────── )

23

24      Defendant ICM Registry, LLC, d/b/a .XXX ("Defendant" or "ICM") hereby

25 responds to the First Amended Complaint of Plaintiffs Manwin Licensing

26 International S.A.R.L. ("Manwin") and Digital Playground, Inc. ("Digital

27 Playground") (collectively "Plaintiffs") as follows:

28 ///

## I.     NATURE OF THE ACTION

1.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies those allegations.

2.     ICM admits Plaintiffs have initiated the present lawsuit that purports to be an action for antitrust violations under the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2.  ICM denies any unlawful monopolistic conduct, price gouging, or anti-competitive and unfair practices.  ICM denies the remaining allegations of Para. 2.

3.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 3 relating to the control and responsibility of Defendant Internet Corporation for Assigned Names and Numbers ("ICANN") for the Internet Domain Name System ("DNS") and therefore denies those allegations. ICM admits that ICANN recently approved the .XXX Top Level Domain ("TLD"), and contracted with ICM to make ICM the registry of that TLD. ICM admits that the annual cost of an .XXX registration is $60, plus a $2 fee for ICANN pursuant to the Registry Agreement, for a total of $62 for .XXX TLD registrations.  ICM denies the remaining allegations of Paragraph 3 and each of its subparagraphs.

## II.     THE PARTIES

4.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 4 and therefore denies those allegations.

5.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 5 and therefore denies those allegations.

6.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 6 and therefore denies those allegations.

7.     ICM denies it is a Delaware limited liability corporation, but admits that it is a Delaware limited liability company.  ICM admits its principal place of business in is Palm Beach Gardens, Florida.  ICM admits that it conducts business in California.  ICM admits that it has a contract with ICANN to operate the registry for the .XXX TLD.  ICM denies the remainder of the allegations in Paragraph 7.

8.    Defendant denies the allegations of Paragraph 8.

### III.    JURISDICTION AND VENUE

9.    ICM admits that Plaintiffs have initiated the present lawsuit, asserting claims under the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2.  ICM admits that this Court has subject matter jurisdiction under 28 U.S.C. §1331.

10.    ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 10 regarding personal jurisdiction over ICANN and therefore denies those allegations.

11.    ICM admits it is subject to personal jurisdiction in this Court for the purposes of this action.  ICM denies the remaining allegations of Paragraph 11.

12.    ICM admits that venue in this judicial district is proper under 28 U.S.C. § 1391(b) and 15 U.S.C. § 22.  ICM admits that it transacts business in California and is subject to personal jurisdiction in this Court.  ICM lacks sufficient information or belief to answer the allegations relating to the other defendants and to Plaintiff's residence, and therefore denies those allegations. ICM denies the remaining allegations of Paragraph 12.

### IV.    FACTUAL ALLEGATIONS

13.    ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies those allegations.

14.    ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 14 and therefore denies those allegations.

15.    ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies those allegations.

16.    ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 16 and therefore denies those allegations.

17.    ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 17 and therefore denies those allegations.

///

**DEFENDANT ICM REGISTRY, LLC'S ANSWER TO FIRST AMENDED COMPLAINT**
**CASE NO.  CV 11-9514-PSG**

18.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies those allegations.

19.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies those allegations.

20.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies those allegations.

21.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies those allegations.

22.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 22 and therefore denies those allegations.

23.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies those allegations.

24.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies those allegations.

25.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies those allegations.

26.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies those allegations.

27.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies those allegations.

28.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 28 and therefore denies those allegations.

29.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 29 and therefore denies those allegations.

30.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 30 and therefore denies those allegations.

31.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 31 and therefore denies those allegations.

1    32.    ICM lacks sufficient information to form a belief as to the truth of the
2  allegations of Paragraph 32 and therefore denies those allegations.

3    33.    ICM lacks sufficient information to form a belief as to the truth of the
4  allegations of Paragraph 33 and therefore denies those allegations.

5    34.    ICM admits that in about 2000, ICM Registry, Inc. applied to ICANN
6  for approval of the .XXX TLD for adult content.  ICM admits ICANN did not
7  accept the application and noted in ICANN's "Report on TLD Applications:
8  Application of the August 15 Criteria to Each Category or Group" dated November
9  9, 2000, that "ICM Registry's application for an .xxx TLD does not appear to meet
10  unmet needs.  Adult content is readily available on the Internet."  ICM admits that
11  in its November 9, 2000 Report, ICANN "not[ed] the opposition of at least some
12  segments of the online content industry to a .xxx TLD."  ICM lacks sufficient
13  information to form a belief as to the truth of the remaining allegations of
14  Paragraph 34 as to the basis of the opposition to the .XXX TLD and therefore
15  denies those allegations.

16    35.    ICM admits it applied for ICANN's approval of the .XXX TLD as a
17  sponsored TLD in 2004.  ICM lacks sufficient information to form a belief as to
18  the truth of the remaining allegations of Paragraph 35 and therefore denies those
19  allegations.

20    36.    ICM admits that as part of its application in 2004, ICM proposed the
21  International Foundation for Online Responsibility ("IFFOR") as the sponsoring
22  organization for the .XXX TLD.  ICM denies the remaining allegations of
23  Paragraph 36.

24    37.    ICM admits that on or about August 2004, ICANN did not accept
25  ICM's application, and invited ICM to clarify its sponsorship criteria.  ICM denies
26  the remaining allegations of Paragraph 37.

27    38.    Paragraph 38 contains no charging allegations against ICM.  ICM is
28  therefore not required to admit or deny the allegations.  Alternatively, ICM lacks

1   sufficient information to form a belief as to the truth of the allegations of

2   Paragraph 38 and therefore denies the same.

3        39.    ICM admits that on or about August 2004, ICANN did not accept

4   ICM's application.  ICM denies the remaining allegations of Paragraph 39 and all

5   of each of its subparagraphs.

6        40.    ICM admits that on or about June 1, 2005, ICANN authorized ICM to

7   enter into negotiations for the .XXX TLD.  ICM denies the remaining allegations

8   of Paragraph 40.

9        41.    ICM lacks sufficient information to form a belief as to the truth of the

10  allegations relating to the opposition to the .XXX TLD.  ICM denies the remaining

11  allegations of Paragraph 41.

12       42.    ICM admits it made Freedom of Information Act ("FOIA") requests

13  and filed a lawsuit to force publication of redacted documents under the FOIA

14  against the Department of State and Department of Commerce.  ICM admits that

15  its May 19, 2006 complaint states that "the comments filed in ICANN's evaluation

16  period regarding ICM's .xxx sTLD proposal were overwhelmingly favorable" and

17  that "negative lobbying campaign was initiated by a few U.S.-based activist groups

18  in response to ICANN's June 1, 2005 vote in support of the ICM application."

19  ICM admits that it submitted a complaint to the ICANN ombudsman about

20  ICANN's treatment of ICM's .XXX TLD application.  ICM denies the remaining

21  allegations of Paragraph 42.

22       43.    ICM admits that ICANN did not accept ICM's .XXX proposed

23  registry agreement on or about May 10, 2006.  ICM admits that on or about May

24  19, 2006, ICM filed, and later withdrew, a request for reconsideration about the

25  ICANN Board's decision not to execute the contract.  ICM admits that on or about

26  March 30, 2007, ICANN did not accept ICM's proposed registry agreement for the

27  .XXX sTLD and rejected the application in full.  ICM lacks sufficient information

28

**DEFENDANT ICM REGISTRY, LLC'S ANSWER TO FIRST AMENDED COMPLAINT**
**CASE NO.  CV 11-9514-PSG**

to form a belief as to the truth of the remaining allegations of Paragraph 43 and therefore denies those allegations.

44.     ICM admits that on or about June 6, 2008, ICM filed an Independent Review Proceeding ("IRP") challenging ICANN's denial of the .XXX TLD.  ICM admits that in its IRP, ICM contended that ICANN had approved ICM's application for the .XXX TLD in June 2005 and directed that ICANN's President and General Counsel begin negotiating an agreement with ICM, and that ICANN's Board subsequently improperly rejected the ICM application.  ICM denies the remainder of the allegations in Paragraph 44.  Alternatively, ICM lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 44 and therefore denies those allegations.

45.     ICM admits its June 6, 2008 Request for IRP states that "[t]here is substantial industry support for the .XXX domain, as evidenced by the number of providers that have participated in ICM's pre-reservation program, which allows for applicants to reserve domain names in advance of the approval of the sTLD application."  ICM admits it also made this statement in its January 22, 2009. "Memorial on the Merits." ICM denies the remainder of the allegations in Paragraph 45.

46.     ICM admits that on February 19, 2010, the majority of a three-person Independent Review Panel issued a Declaration that ICANN had in June 2005 determined that ICM met the sponsorship criteria, and that ICANN could not thereafter properly reopen the issue.  ICM lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 46 and therefore denies those allegations.

47.     ICM admits that on March 26, 2010, ICANN publicly posted a document listing options for responding to the IRP declaration and that the posting noted that ICANN could accept the majority decision or could adopt the dissenting decision.  ICM denies the allegations as to its "response" to ICANN.  ICM denies

the allegations as threats of litigation.  ICM denies the remainder of the allegations in Paragraph 47.

48.     ICM admits that on March 18, 2011, ICANN agreed with ICM to approve ICM's application for the .XXX TLD.  ICM admits that on March 31, 2011, ICANN and ICM signed a registry contract under which ICM agreed to provide registry services for the .XXX TLD.  ICM denies the remainder of the allegations in Paragraph 48.

49.     ICM admits that ICANN agreed with ICM to approve the .XXX TLD and entered into a registry contract.  ICM lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 49 and therefore denies those allegations.

50.     ICM denies the allegations of Paragraph 50.  Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 50 and therefore denies those allegations.

51.     ICM denies the allegations of Paragraph 51.

52.     Paragraph 52 contains no charging allegations against ICM.  ICM is therefore not required to admit or deny the allegations.  Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 52 and therefore denies the same.

53.     ICM admits the allegations as to the terms of the Registry Agreement with ICANN, except as to the allegations regarding "substantial fees" which allegations ICM denies.  Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations regarding "substantial fees" in Paragraph 53 and therefore denies the same.

54.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 54 and therefore denies the same.

55.     ICM denies the allegations as to any combination or conspiracy with ICANN.  ICM denies the remainder of the allegations in Paragraph 55.

1    Alternatively, ICM lacks sufficient information to form a belief as to the truth of

2    the remaining allegations of Paragraph 55 and therefore denies the same.

3         56.    ICM admits the Registry Agreement with ICANN does not contain

4    price restrictions for .XXX registry services.  ICM admits that the Registry

5    Agreement states that the "Registry Operator [ICM] may terminate this Agreement

6    and its designation as Registry Operator for the TLD pursuant to 120 days prior

7    notice in writing to ICANN, and subject to compliance with Section 6.4 hereof."

8    ICM admits that the Registry Agreement states that "ICANN may terminate this

9    Agreement if Registry Operator [ICM] fails to cure any fundamental and material

10   breach of Registry Operator's obligations set forth in Sections 3.1(a), (b), (d) or (e);

11   Section 5.2 or Section 7.2 despite notice and a reasonable opportunity to cure in

12   accordance with Section 6.3."  ICM admits the Registry Agreement states that the

13   "initial term of [the] Agreement shall expire ten years from the Effective Date" and

14   that the Registry Agreement states that is "shall be renewed upon the expiration of

15   the term set forth in Section 4.1 above and each renewal term, unless: (i) an

16   arbitrator or court has determined that Registry Operator has been in fundamental

17   and material breach of Registry Operator's obligations set forth in Sections 3.1(a),

18   (b), (d), (e) or (h); Section 5.2 or Section 7.2 and (ii) following the final decision of

19   such arbitrator or court, Registry Operator has failed to comply within ten days with

20   the decision of the arbitrator or court, or within such other time period as may be

21   prescribed by the arbitrator or court, provided, however, that Registry Operator

22   agrees that any renewal of this Agreement is conditioned on its negotiation of

23   renewal terms reasonably acceptable to ICANN, taking into account the terms of

24   existing registry agreements with respect to similarly situated TLDs."  ICM denies

25   the remaining allegations of Paragraph 56 and each of its subparagraphs.

26   Alternatively, ICM lacks sufficient information to form a belief as to the truth of the

27   remaining allegations of Paragraph 56 and each of its subparagraphs and therefore

28   denies the same.

57.    ICM denies the allegations of Paragraph 57.

58.    ICM denies the allegations of Paragraph 58.

59.    Paragraph 59 contains no charging allegations against ICM.  ICM is therefore not required to admit or deny the allegations.  Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 59 and therefore denies the same.

60.    ICM denies the allegations of Paragraph 60.  Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 60 and therefore denies those allegations.

61.    ICM denies the allegations of Paragraph 61.  Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 61 and therefore denies those allegations.

62.    ICM denies the allegations of Paragraph 62.  Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 62 and therefore denies those allegations.

63.    ICM admits that the non-adult content websites onlineclasses.xxx, musicvideos.xxx, discoverme.xxx, eflowers.xxx, rentacar.xxx, insurancerates.xxx, and homesforsale.xxx are currently found on the .XXX TLD.  ICM denies the remaining allegations of Paragraph 63.  Alternatively, ICM lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 63 and therefore denies those allegations.

64.    ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 64 and therefore denies those allegations.

65.    ICM denies the allegations of Paragraph 65.  ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 66 regarding "other company or entity" and therefore denies those allegations.

66.    ICM denies the allegations of Paragraph 66.

///

DEFENDANT ICM REGISTRY, LLC'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO.  CV 11-9514-PSG

67.     ICM denies the allegations of Paragraph 67.  ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 67 regarding "other company or entity" and therefore denies those allegations.

68.     ICM denies the allegations of Paragraph 68.  Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 68 and therefore denies those allegations.

69.     ICM denies the allegations of Paragraph 69.  Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 69 and therefore denies those allegations.

70.     ICM denies the allegations of Paragraph 70.

71.     Paragraph 71 contains no charging allegations against ICM.  ICM is therefore not required to admit or deny the allegations.  Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 71 and therefore denies the same.

72.     ICM denies the allegations of Paragraph 72.

73.     ICM denies the allegations of Paragraph 73.  Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 73 and therefore denies the same.

74.     ICM admits that its permanent blocking services were limited to exact match trademarks.  ICM denies the remaining allegations of Paragraph 74. Alternatively, ICM lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 74 and therefore denies those allegations.

75.     ICM admits that its permanent blocking services were limited to exact match trademarks.  ICM denies the remaining allegations of Paragraph 75. Alternatively, ICM lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 75 and therefore denies those allegations.

76.     ICM admits that it limited the sale of permanent blocking rights to a certain time period, known as the "Sunrise B" period, which has now expired.

ICM admits that its permanent blocking services under its "Sunrise B" reservation services program were limited to "registered trademark[s]" that "must be a trade or service mark registration of national or regional international effect issued prior to 1 September, 2011 and in use in Eligible Commerce by the Applicant." ICM denies the remaining allegations of Paragraph 76 and each of its subparagraphs. Alternatively, ICM lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 76 and each of its subparagraphs and therefore denies those allegations.

77.    ICM denies the allegations of Paragraph 77. Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 77 and therefore denies those allegations.

78.    ICM admits that it charges $60, plus a $2 fee for ICANN pursuant to the Registry Agreement, for a total of $62 for .XXX TLD registrations. ICM denies the remaining allegations of Paragraph 78. Alternatively, ICM lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 78 and therefore denies those allegations.

79.    ICM denies the allegations of Paragraph 79. Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 79 and therefore denies those allegations.

80.    ICM denies the allegations of Paragraph 80. Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 80 and therefore denies those allegations.

81.    ICM denies the allegations of Paragraph 81.

82.    ICM denies the allegations of Paragraph 82. Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 82 and therefore denies those allegations.

///

///

**DEFENDANT ICM REGISTRY, LLC'S ANSWER TO FIRST AMENDED COMPLAINT**
**CASE NO. CV 11-9514-PSG**

83. ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 83 and each of its subparagraphs and therefore denies those allegations.

84. ICM admits that its October 6, 2011 press release states: "ICM has now sold nine premium .XXX domain names for $100,000 or more, which is unparalleled in any other domain launch and reports that there are many other similar deals in progress. 'Domain names in most other TLDs typically sell for 1-10% of the value of the .com equivalent. The .XXX names are already selling for 30-40% and we are just getting started[.]'" ICM admits that it also announced a $1.65 million sale for a collection of .XXX domain names, and a $500,000 sale for a single .XXX domain name. ICM admits that the October 6, 2011 press release states that the $500,000 sale price was "the highest price ever paid for a domain name in any extension pre-launch. This is also the 5th highest sale price of any domain name sold in 2011 and one of the top 30 most expensive domain names sold in the last 3 years." ICM denies the remaining allegations of Paragraph 84. Alternatively, ICM lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 84 and therefore denies those allegations.

85. ICM admits that it currently charges $60, plus a $2 fee for ICANN pursuant to the Registry Agreement, for a total of $62 for annual registrations. ICM denies the remaining allegations of Paragraph 85. Alternatively, ICM lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 85 and therefore denies those allegations.

86. ICM admits that its agreement for premium registry services states that "Potential Registrant shall not act in a manner that might reasonably be construed to disparage or detriment ICM Registry or the .xxx top level domain . . ." ICM denies the remaining allegations of Paragraph 86. Alternatively, ICM lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 86 and therefore denies those allegations.

1    87.   ICM denies the allegations of Paragraph 87.

2    88.   ICM denies the allegations of Paragraph 88.

3    89.   ICM denies the allegations of Paragraph 89.

4    90.   ICM denies the allegations of Paragraph 90.

5    91.   ICM denies the allegations of Paragraph 91

6    92.   ICM denies the allegations of Paragraph 92.

7                  **FIRST CLAIM FOR RELIEF**

8    **Contract, Combination or Conspiracy in Restraint of Trade Under Section 1**

9          **of the Sherman Antitrust Act, 15 U.S.C. § 1**

10    93.   ICM incorporates by reference all of the above paragraphs of this

11   Answer as though fully stated herein.

12    94.   ICM denies the allegations of Paragraph 94.

13    95.   ICM denies the allegations of Paragraph 95.

14    96.   ICM denies the allegations of Paragraph 96 and each of its

15   subparagraphs.

16    97.   ICM denies the allegations of Paragraph 97 and each of its

17   subparagraphs.

18    98.   ICM denies the allegations of Paragraph 98.

19    99.   ICM denies the allegations of Paragraph 99 and each of its

20   subparagraphs.

21    100.   ICM denies the allegations of Paragraph 100.

22                  **SECOND CLAIM FOR RELIEF**

23   **Combination or Conspiracy to Monopolize Under Section 2 of the Sherman**

24          **Antitrust Act, 15 U.S.C. §2**

25    101.   ICM incorporates by reference all of the above paragraphs of this

26   Answer as though fully stated herein.

27    102.   ICM denies the allegations of Paragraph 102.

28    103.   ICM denies the allegations of Paragraph 103.

1    104.   ICM denies the allegations of Paragraph 104.

2    105.   ICM denies the allegations of Paragraph 105 and each of its

3    subparagraphs.

4    106.   ICM denies the allegations of Paragraph 106.

5    107.   ICM denies the allegations of Paragraph 107 and each of its

6    subparagraphs.

7    108.   ICM denies the allegations of Paragraph 108.

8    109.   ICM denies the allegations of Paragraph 109 and each of its

9    subparagraphs.

10   110.   ICM denies the allegations of Paragraph 110.

11                    **THIRD CLAIM FOR RELIEF**

12   **Combination or Conspiracy to Monopolize Under Section 2 of the Sherman**

13                  **Antitrust Act, 15 U.S.C. §2**

14   111.   ICM does not need to answer allegations for Plaintiffs' third claim for

15   relief, as this claim was dismissed by the Court on August 14, 2012 with leave to

16   amend.  Plaintiffs have stipulated that they will not be re-filing this claim through

17   an amended complaint.

18   112.   N/A.

19   113.   N/A.

20   114.   N/A.

21   115.   N/A.

22   116.   N/A.

23   117.   N/A.

24   118.   N/A.

25   119.   N/A.

26   120.   N/A.

27   121.   N/A.

28   ///

1

**THIRD CLAIM FOR RELIEF**

2

**Monopolization Under Section 2 of the Sherman Antitrust Act, 15 U.S.C. §2**

3

**(.XXX Permanent Blocking and Defensive Registration Market)**

4

    122.   ICM incorporates by reference all of the above paragraphs of this

5

Answer as though fully stated herein.

6

    123.   ICM denies the allegations of Paragraph 123.

7

    124.   ICM denies the allegations of Paragraph 124.

8

    125.   ICM denies the allegations of Paragraph 125.

9

    126.   ICM denies the allegations of Paragraph 126 and each of its

10

subparagraphs.

11

    127.   ICM denies the allegations of Paragraph 127 and each of its

12

subparagraphs.

13

    128.   ICM denies the allegations of Paragraph 128.

14

    129.   ICM denies the allegations of Paragraph 129 and each of its

15

subparagraphs.

16

    130.   ICM denies the allegations of Paragraph 130.

17

**FIFTH CLAIM FOR RELIEF**

18

**Attempted Monopolization Under Section 2**

19

**of the Sherman Antitrust Act, 15 U.S.C. §2**

20

**(Market for Registration in TLDs Intended for Adult Content)**

21

    131.   ICM does not need to answer allegations for Plaintiffs' fifth claim for

22

relief, as this claim was dismissed by the Court on August 14, 2012 with leave to

23

amend.  Plaintiffs have stipulated that they will not be re-filing this claim through

24

an amended complaint.

25

    132.  N/A.

26

    133.  N/A.

27

    134.  N/A.

28

    135.  N/A.

136.   N/A.

137.   N/A.

138.   N/A.

139.   N/A.

**WHEREFORE**, ICM prays for judgment as follows:

1.      That Plaintiffs take nothing by their remaining claims as against ICM;

2.      That the remaining claims be dismissed in their entirety with prejudice as against ICM;

3.      That ICM be awarded all fees and costs associated with the claims against ICM;

4.      That the Court award such other and further relief as it deems just and proper.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, ICM sets forth the following affirmative defenses to Plaintiffs' First Amended Complaint ("FAC"):

### First Affirmative Defense

(Failure to State a Claim)

1.      Plaintiffs' FAC fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

(Failure to Mitigate)

2.      Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate their damages, if any.

### Third Affirmative Defense

(Laches)

3.      Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

## Fourth Affirmative Defense

### (Waiver)

4.     Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

## Fifth Affirmative Defense

### (Estoppel)

5.     Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

## Sixth Affirmative Defense

### (Unclean Hands)

6.     Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

## Seventh Affirmative Defense

### (Standing)

7.     Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs lack standing.

## Eighth Affirmative Defense

### (Statute of Limitations)

8.     Plaintiffs' claims are barred in whole or in part to the extent that they are barred by the statute of limitations.

## Ninth Affirmative Defense

### (No Injury or Damages)

9.     Plaintiffs have sustained no injury in fact or damages caused by any act or omission of ICM.

## Tenth Affirmative Defense

### (No Cognizable Injury)

10.     Plaintiffs have not suffered and will not suffer any injury that is cognizable under the antitrust laws.

**Eleventh Affirmative Defense**

(No Antitrust Liability)

11.    The activities of ICM alleged in the FAC do not give rise to antitrust liability because they did not result in adverse effects on competition or, in the alternative, any such effects were outweighed by the pro-competitive benefits of the activities.

**Twelfth Affirmative Defense**

(Legitimate Business Conduct)

12.    ICM has at all times and in all relevant manners acted reasonably, as necessary to serve legitimate business purposes, in furtherance of trade, in good faith, and with the purpose and effect of promoting, encouraging, or increasing competition.  ICM has not acted with the purpose or intent to suppress or restrain competition.

**Thirteenth Affirmative Defense**

(Speculative Damages)

13.    Plaintiffs' claims are barred, in whole or in part, because the alleged damages sought are too speculative and uncertain.

**Fourteenth Affirmative Defense**

(Lack of Cognizable Relevant Market)

14.    Plaintiffs have failed to define a relevant antitrust market that supports their claims.

**Fifteenth Affirmative Defense**

(Reservation of Rights and Additional Defenses)

15.    ICM has insufficient knowledge or information on which to form a belief as to whether it may have addition, as yet unstated, affirmative defenses available in this action.  ICM therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

///

## **Sixteenth Affirmative Defense**

(Other Defenses Incorporated by Reference)

16.     ICM hereby adopts and incorporates by this reference any and all other defenses asserted, or eventually asserted, by any other defendant in this proceeding.

Dated:  September 28, 2012

Respectfully submitted,
GORDON & REES LLP

by

Richard P. Sybert
Hazel Mae B. Pangan
Attorneys for Defendant
ICM REGISTRY, LLC

**DEFENDANT ICM REGISTRY, LLC'S ANSWER TO FIRST AMENDED COMPLAINT**
**CASE NO.  CV 11-9514-PSG**

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, ICM Registry, LLC hereby demands a trial by jury on all issues so triable.


Dated:  September 28, 2012

Respectfully submitted,

GORDON & REES LLP


by _____

Richard P. Sybert
Hazel Mae B. Pangan
Attorneys for Defendant
ICM REGISTRY, LLC