Richard P. Sybert, Bar No. 80731
email rsybert@gordonrees.com
Hazel Mae B. Pangan, Bar No. 272657
email hpangan@gordonrees.com
GORDON & REES LLP
101 W. Broadway, Suite 1600
San Diego, California 92101
tel (619) 696-6700 / fax (619) 696-7124

Bret A. Fausett, Bar No. 139420
email bret@internet.pro
INTERNET PRO APC
4640 Admiralty Way, 5th Floor
Marina Del Rey, California 90292
tel (310) 496-5755

Attorneys for Defendant
ICM REGISTRY, LLC d/b/a .XXX, a Delaware limited liability company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANWIN LICENSING INTERNATIONAL S.A.R.L., a Luxembourg limited liability company (s.à.r.l.) and DIGITAL PLAY-GROUND, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ICM REGISTRY, LLC, d/b/a .XXX, a Delaware limited liability corporation; INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS, a California nonprofit public benefit corporation; and Does 1-10,<br><br>Defendants. | CASE NO.  CV 11-9514-PSG (JCGx)<br><br>*Honorable Philip S. Gutierrez*<br><br>**ICM REGISTRY, LLC'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Defendant ICM Registry, LLC, d/b/a .XXX ("Defendant" or "ICM") hereby responds to the First Amended Complaint of Plaintiffs Manwin Licensing International S.A.R.L. ("Manwin") and Digital Playground, Inc. ("Digital Playground") (collectively "Plaintiffs") as follows:

///

## I.    NATURE OF THE ACTION

1.      ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies those allegations.

2.      ICM admits Plaintiffs have initiated the present lawsuit that purports to be an action for antitrust violations under the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2.  ICM denies any unlawful monopolistic conduct, price gouging, or anti-competitive and unfair practices.  ICM denies the remaining allegations of Paragraph 2.

3.      ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 3 relating to the control and responsibility of Defendant Internet Corporation for Assigned Names and Numbers ("ICANN") for the Internet Domain Name System ("DNS") and therefore denies those allegations. ICM admits that ICANN recently approved the .XXX Top Level Domain ("TLD"), and contracted with ICM to make ICM the registry of that TLD. ICM admits that the annual cost of an .XXX registration is $60, plus a $2 fee for ICANN pursuant to the Registry Agreement, for a total of $62 for .XXX TLD registrations.  ICM denies the remaining allegations of Paragraph 3 and each of its subparagraphs.

## II.    THE PARTIES

4.      ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 4 and therefore denies those allegations.

5.      ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 5 and therefore denies those allegations.

6.      ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 6 and therefore denies those allegations.

7.      ICM denies it is a Delaware limited liability corporation, but admits that it is a Delaware limited liability company.  ICM admits its principal place of business in is Palm Beach Gardens, Florida.  ICM admits that it conducts business

**DEFENDANT ICM REGISTRY, LLC'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT**
**CASE NO.  CV 11-9514-PSG**

in California.  ICM admits that it has a contract with ICANN to operate the registry for the .XXX TLD.  ICM denies the remainder of the allegations in Paragraph 7.

8.     Defendant denies the allegations of Paragraph 8.

### III.   JURISDICTION AND VENUE

9.     ICM admits that Plaintiffs have initiated the present lawsuit, asserting claims under the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2.  ICM admits that this Court has subject matter jurisdiction under 28 U.S.C. §1331.

10.    ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 10 regarding personal jurisdiction over ICANN and therefore denies those allegations.

11.    ICM admits it is subject to personal jurisdiction in this Court for the purposes of this action.  ICM denies the remaining allegations of Paragraph 11.

12.    ICM admits that venue in this judicial district is proper under 28 U.S.C. § 1391(b) and 15 U.S.C. § 22.  ICM admits that it transacts business in California and is subject to personal jurisdiction in this Court.  ICM lacks sufficient information or belief to answer the allegations relating to the other defendants and to Plaintiff's residence, and therefore denies those allegations. ICM denies the remaining allegations of Paragraph 12.

### IV.   FACTUAL ALLEGATIONS

13.    ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies those allegations.

14.    ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 14 and therefore denies those allegations.

15.    ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies those allegations.

16.    ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 16 and therefore denies those allegations.

///

17.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 17 and therefore denies those allegations.

18.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies those allegations.

19.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies those allegations.

20.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies those allegations.

21.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies those allegations.

22.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 22 and therefore denies those allegations.

23.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies those allegations.

24.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies those allegations.

25.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies those allegations.

26.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies those allegations.

27.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies those allegations.

28.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 28 and therefore denies those allegations.

29.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 29 and therefore denies those allegations.

30.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 30 and therefore denies those allegations.

**DEFENDANT ICM REGISTRY, LLC'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT**
**CASE NO.  CV 11-9514-PSG**

31.    ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 31 and therefore denies those allegations.

32.    ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 32 and therefore denies those allegations.

33.    ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 33 and therefore denies those allegations.

34.    ICM admits that in about 2000, ICM Registry, Inc. applied to ICANN for approval of the .XXX TLD for adult content.  ICM admits ICANN did not accept the application and noted in ICANN's "Report on TLD Applications: Application of the August 15 Criteria to Each Category or Group" dated November 9, 2000, that "ICM Registry's application for an .xxx TLD does not appear to meet unmet needs.  Adult content is readily available on the Internet."  ICM admits that in its November 9, 2000 Report, ICANN "not[ed] the opposition of at least some segments of the online content industry to a .xxx TLD."  ICM lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 34 as to the basis of the opposition to the .XXX TLD and therefore denies those allegations.

35.    ICM admits it applied for ICANN's approval of the .XXX TLD as a sponsored TLD in 2004.  ICM lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 35 and therefore denies those allegations.

36.    ICM admits that as part of its application in 2004, ICM proposed the International Foundation for Online Responsibility ("IFFOR") as the sponsoring organization for the .XXX TLD.  ICM denies the remaining allegations of Paragraph 36.

37.    ICM admits that on or about August 2004, ICANN did not accept ICM's application, and invited ICM to clarify its sponsorship criteria.  ICM denies the remaining allegations of Paragraph 37.

38.     Paragraph 38 contains no charging allegations against ICM.  ICM is therefore not required to admit or deny the allegations.  Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 38 and therefore denies the same.

39.     ICM admits that on or about August 2004, ICANN did not accept ICM's application.  ICM denies the remaining allegations of Paragraph 39 and all of each of its subparagraphs.

40.     ICM admits that on or about June 1, 2005, ICANN authorized ICM to enter into negotiations for the .XXX TLD.  ICM denies the remaining allegations of Paragraph 40.

41.     ICM lacks sufficient information to form a belief as to the truth of the allegations relating to the opposition to the .XXX TLD.  ICM denies the remaining allegations of Paragraph 41.

42.     ICM admits it made Freedom of Information Act ("FOIA") requests and filed a lawsuit to force publication of redacted documents under the FOIA against the Department of State and Department of Commerce.  ICM admits that its May 19, 2006 complaint states that "the comments filed in ICANN's evaluation period regarding ICM's .xxx sTLD proposal were overwhelmingly favorable" and that "negative lobbying campaign was initiated by a few U.S.-based activist groups in response to ICANN's June 1, 2005 vote in support of the ICM application." ICM admits that it submitted a complaint to the ICANN ombudsman about ICANN's treatment of ICM's .XXX TLD application.  ICM denies the remaining allegations of Paragraph 42.

43.     ICM admits that ICANN did not accept ICM's .XXX proposed registry agreement on or about May 10, 2006.  ICM admits that on or about May 19, 2006, ICM filed, and later withdrew, a request for reconsideration about the ICANN Board's decision not to execute the contract.  ICM admits that on or about March 30, 2007, ICANN did not accept ICM's proposed registry agreement for the

1  .XXX sTLD and rejected the application in full.  ICM lacks sufficient information

2  to form a belief as to the truth of the remaining allegations of Paragraph 43 and

3  therefore denies those allegations.

4       44.    ICM admits that on or about June 6, 2008, ICM filed an Independent

5  Review Proceeding ("IRP") challenging ICANN's denial of the .XXX TLD.  ICM

6  admits that in its IRP, ICM contended that ICANN had approved ICM's

7  application for the .XXX TLD in June 2005 and directed that ICANN's President

8  and General Counsel begin negotiating an agreement with ICM, and that ICANN's

9  Board subsequently improperly rejected the ICM application.  ICM denies the

10  remainder of the allegations in Paragraph 44.  Alternatively, ICM lacks sufficient

11  information to form a belief as to the truth of the remaining allegations of

12  Paragraph 44 and therefore denies those allegations.

13       45.    ICM admits its June 6, 2008 Request for IRP states that "[t]here is

14  substantial industry support for the .XXX domain, as evidenced by the number of

15  providers that have participated in ICM's pre-reservation program, which allows

16  for applicants to reserve domain names in advance of the approval of the sTLD

17  application."  ICM admits it also made this statement in its January 22, 2009.

18  "Memorial on the Merits." ICM denies the remainder of the allegations in Paragraph

19  45.

20       46.    ICM admits that on February 19, 2010, the majority of a three-person

21  Independent Review Panel issued a Declaration that ICANN had in June 2005

22  determined that ICM met the sponsorship criteria, and that ICANN could not

23  thereafter properly reopen the issue.  ICM lacks sufficient information to form a

24  belief as to the truth of the remaining allegations of Paragraph 46 and therefore

25  denies those allegations.

26       47.    ICM admits that on March 26, 2010, ICANN publicly posted a

27  document listing options for responding to the IRP declaration and that the posting

28  noted that ICANN could accept the majority decision or could adopt the dissenting

1  decision.  ICM denies the allegations as to its "response" to ICANN.  ICM denies

2  the allegations as threats of litigation.  ICM denies the remainder of the allegations

3  in Paragraph 47.

4       48.    ICM admits that on March 18, 2011, ICANN agreed with ICM to

5  approve ICM's application for the .XXX TLD.  ICM admits that on March 31,

6  2011, ICANN and ICM signed a registry contract under which ICM agreed to

7  provide registry services for the .XXX TLD.  ICM denies the remainder of the

8  allegations in Paragraph 48.

9       49.    ICM admits that ICANN agreed with ICM to approve the .XXX TLD

10  and entered into a registry contract.  ICM lacks sufficient information to form a

11  belief as to the truth of the remaining allegations of Paragraph 49 and therefore

12  denies those allegations.

13       50.    ICM denies the allegations of Paragraph 50.  Alternatively, ICM lacks

14  sufficient information to form a belief as to the truth of the allegations of

15  Paragraph 50 and therefore denies those allegations.

16       51.    ICM denies the allegations of Paragraph 51.

17       52.    Paragraph 52 contains no charging allegations against ICM.  ICM is

18  therefore not required to admit or deny the allegations.  Alternatively, ICM lacks

19  sufficient information to form a belief as to the truth of the allegations of

20  Paragraph 52 and therefore denies the same.

21       53.    ICM admits the allegations as to the terms of the Registry Agreement

22  with ICANN, except as to the allegations regarding "substantial fees" which

23  allegations ICM denies.  Alternatively, ICM lacks sufficient information to form a

24  belief as to the truth of the allegations regarding "substantial fees" in Paragraph 53

25  and therefore denies the same.

26       54.    ICM lacks sufficient information to form a belief as to the truth of the

27  allegations of Paragraph 54 and therefore denies the same.

28  ///

**DEFENDANT ICM REGISTRY, LLC'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT**
**CASE NO.  CV 11-9514-PSG**

55.     ICM denies the allegations as to any combination or conspiracy with ICANN.  ICM denies the remainder of the allegations in Paragraph 55. Alternatively, ICM lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 55 and therefore denies the same.

56.     ICM admits the Registry Agreement with ICANN does not contain price restrictions for .XXX registry services.  ICM admits that the Registry Agreement states that the "Registry Operator [ICM] may terminate this Agreement and its designation as Registry Operator for the TLD pursuant to 120 days prior notice in writing to ICANN, and subject to compliance with Section 6.4 hereof." ICM admits that the Registry Agreement states that "ICANN may terminate this Agreement if Registry Operator [ICM] fails to cure any fundamental and material breach of Registry Operator's obligations set forth in Sections 3.1(a), (b), (d) or (e); Section 5.2 or Section 7.2 despite notice and a reasonable opportunity to cure in accordance with Section 6.3."  ICM admits the Registry Agreement states that the "initial term of [the] Agreement shall expire ten years from the Effective Date" and that the Registry Agreement states that is "shall be renewed upon the expiration of the term set forth in Section 4.1 above and each renewal term, unless: (i) an arbitrator or court has determined that Registry Operator has been in fundamental and material breach of Registry Operator's obligations set forth in Sections 3.1(a), (b), (d), (e) or (h); Section 5.2 or Section 7.2 and (ii) following the final decision of such arbitrator or court, Registry Operator has failed to comply within ten days with the decision of the arbitrator or court, or within such other time period as may be prescribed by the arbitrator or court, provided, however, that Registry Operator agrees that any renewal of this Agreement is conditioned on its negotiation of renewal terms reasonably acceptable to ICANN, taking into account the terms of existing registry agreements with respect to similarly situated TLDs."  ICM denies the remaining allegations of Paragraph 56 and each of its subparagraphs. Alternatively, ICM lacks sufficient information to form a belief as to the truth of the

remaining allegations of Paragraph 56 and each of its subparagraphs and therefore denies the same.

57. ICM denies the allegations of Paragraph 57.

58. ICM denies the allegations of Paragraph 58.

59. Paragraph 59 contains no charging allegations against ICM. ICM is therefore not required to admit or deny the allegations. Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 59 and therefore denies the same.

60. ICM denies the allegations of Paragraph 60. Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 60 and therefore denies those allegations.

61. ICM denies the allegations of Paragraph 61. Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 61 and therefore denies those allegations.

62. ICM denies the allegations of Paragraph 62. Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 62 and therefore denies those allegations.

63. ICM admits that the non-adult content websites onlineclasses.xxx, musicvideos.xxx, discoverme.xxx, eflowers.xxx, rentacar.xxx, insurancerates.xxx, and homesforsale.xxx are currently found on the .XXX TLD. ICM denies the remaining allegations of Paragraph 63. Alternatively, ICM lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 63 and therefore denies those allegations.

64. ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 64 and therefore denies those allegations.

65. ICM denies the allegations of Paragraph 65. ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 66 regarding "other company or entity" and therefore denies those allegations.

66.     ICM denies the allegations of Paragraph 66.

67.     ICM denies the allegations of Paragraph 67.  ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 67 regarding "other company or entity" and therefore denies those allegations.

68.     ICM denies the allegations of Paragraph 68.  Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 68 and therefore denies those allegations.

69.     ICM denies the allegations of Paragraph 69.  Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 69 and therefore denies those allegations.

70.     ICM denies the allegations of Paragraph 70.

71.     Paragraph 71 contains no charging allegations against ICM.  ICM is therefore not required to admit or deny the allegations.  Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 71 and therefore denies the same.

72.     ICM denies the allegations of Paragraph 72.

73.     ICM denies the allegations of Paragraph 73.  Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 73 and therefore denies the same.

74.     ICM admits that its permanent blocking services were limited to exact match trademarks.  ICM denies the remaining allegations of Paragraph 74. Alternatively, ICM lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 74 and therefore denies those allegations.

75.     ICM admits that its permanent blocking services were limited to exact match trademarks.  ICM denies the remaining allegations of Paragraph 75. Alternatively, ICM lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 75 and therefore denies those allegations.

///

76.     ICM admits that it limited the sale of permanent blocking rights to a certain time period, known as the "Sunrise B" period, which has now expired. ICM admits that its permanent blocking services under its "Sunrise B" reservation services program were limited to "registered trademark[s]" that "must be a trade or service mark registration of national or regional international effect issued prior to 1 September, 2011 and in use in Eligible Commerce by the Applicant."  ICM denies the remaining allegations of Paragraph 76 and each of its subparagraphs. Alternatively, ICM lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 76 and each of its subparagraphs and therefore denies those allegations.

77.     ICM denies the allegations of Paragraph 77.  Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 77 and therefore denies those allegations.

78.     ICM admits that it charges $60, plus a $2 fee for ICANN pursuant to the Registry Agreement, for a total of $62 for .XXX TLD registrations.  ICM denies the remaining allegations of Paragraph 78.  Alternatively, ICM lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 78 and therefore denies those allegations.

79.     ICM denies the allegations of Paragraph 79.  Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 79 and therefore denies those allegations.

80.     ICM denies the allegations of Paragraph 80.  Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 80 and therefore denies those allegations.

81.     ICM denies the allegations of Paragraph 81.

82.     ICM denies the allegations of Paragraph 82.  Alternatively, ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 82 and therefore denies those allegations.

83.     ICM lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 83 and each of its subparagraphs and therefore denies those allegations.

84.     ICM admits that its October 6, 2011 press release states: "ICM has now sold nine premium .XXX domain names for $100,000 or more, which is unparalleled in any other domain launch and reports that there are many other similar deals in progress.  'Domain names in most other TLDs typically sell for 1-10% of the value of the .com equivalent.  The .XXX names are already selling for 30-40% and we are just getting started[.]'"  ICM admits that it also announced a $1.65 million sale for a collection of .XXX domain names, and a $500,000 sale for a single .XXX domain name.  ICM admits that the October 6, 2011 press release states that the $500,000 sale price was "the highest price ever paid for a domain name in any extension pre-launch.  This is also the 5th highest sale price of any domain name sold in 2011 and one of the top 30 most expensive domain names sold in the last 3 years."  ICM denies the remaining allegations of Paragraph 84.  Alternatively, ICM lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 84 and therefore denies those allegations.

85.     ICM admits that it currently charges $60, plus a $2 fee for ICANN pursuant to the Registry Agreement, for a total of $62 for annual registrations.  ICM denies the remaining allegations of Paragraph 85.  Alternatively, ICM lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 85 and therefore denies those allegations.

86.     ICM admits that its agreement for premium registry services states that "Potential Registrant shall not act in a manner that might reasonably be construed to disparage or detriment ICM Registry or the .xxx top level domain . . ."  ICM denies the remaining allegations of Paragraph 86.  Alternatively, ICM lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 86 and therefore denies those allegations.

87.   ICM denies the allegations of Paragraph 87.

88.   ICM denies the allegations of Paragraph 88.

89.   ICM denies the allegations of Paragraph 89.

90.   ICM denies the allegations of Paragraph 90.

91.   ICM denies the allegations of Paragraph 91

92.   ICM denies the allegations of Paragraph 92.

## FIRST CLAIM FOR RELIEF

**Contract, Combination or Conspiracy in Restraint of Trade Under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1**

93.   ICM incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

94.   ICM denies the allegations of Paragraph 94.

95.   ICM denies the allegations of Paragraph 95.

96.   ICM denies the allegations of Paragraph 96 and each of its subparagraphs.

97.   ICM denies the allegations of Paragraph 97 and each of its subparagraphs.

98.   ICM denies the allegations of Paragraph 98.

99.   ICM denies the allegations of Paragraph 99 and each of its subparagraphs.

100.   ICM denies the allegations of Paragraph 100.

## SECOND CLAIM FOR RELIEF

**Combination or Conspiracy to Monopolize Under Section 2 of the Sherman Antitrust Act, 15 U.S.C. §2**

101.   ICM incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

102.   ICM denies the allegations of Paragraph 102.

103.   ICM denies the allegations of Paragraph 103.

104.   ICM denies the allegations of Paragraph 104.

105.   ICM denies the allegations of Paragraph 105 and each of its subparagraphs.

106.   ICM denies the allegations of Paragraph 106.

107.   ICM denies the allegations of Paragraph 107 and each of its subparagraphs.

108.   ICM denies the allegations of Paragraph 108.

109.   ICM denies the allegations of Paragraph 109 and each of its subparagraphs.

110.   ICM denies the allegations of Paragraph 110.

## THIRD CLAIM FOR RELIEF

### Combination or Conspiracy to Monopolize Under Section 2 of the Sherman Antitrust Act, 15 U.S.C. §2

111.   ICM does not need to answer allegations for Plaintiffs' third claim for relief, as this claim was dismissed by the Court on August 14, 2012 with leave to amend.  Plaintiffs have stipulated that they will not be re-filing this claim through an amended complaint.

112.   N/A.

113.   N/A.

114.   N/A.

115.   N/A.

116.   N/A.

117.   N/A.

118.   N/A.

119.   N/A.

120.   N/A.

121.   N/A.

*///*

**DEFENDANT ICM REGISTRY, LLC'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT**
**CASE NO.  CV 11-9514-PSG**

**THIRD CLAIM FOR RELIEF**

**Monopolization Under Section 2 of the Sherman Antitrust Act, 15 U.S.C. §2**

**(.XXX Permanent Blocking and Defensive Registration Market)**

122.   ICM incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

123.   ICM denies the allegations of Paragraph 123.

124.   ICM denies the allegations of Paragraph 124.

125.   ICM denies the allegations of Paragraph 125.

126.   ICM denies the allegations of Paragraph 126 and each of its subparagraphs.

127.   ICM denies the allegations of Paragraph 127 and each of its subparagraphs.

128.   ICM denies the allegations of Paragraph 128.

129.   ICM denies the allegations of Paragraph 129 and each of its subparagraphs.

130.   ICM denies the allegations of Paragraph 130.

**FIFTH CLAIM FOR RELIEF**

**Attempted Monopolization Under Section 2**

**of the Sherman Antitrust Act, 15 U.S.C. §2**

**(Market for Registration in TLDs Intended for Adult Content)**

131.   ICM does not need to answer allegations for Plaintiffs' fifth claim for relief, as this claim was dismissed by the Court on August 14, 2012 with leave to amend.  Plaintiffs have stipulated that they will not be re-filing this claim through an amended complaint.

132.   N/A.

133.   N/A.

134.   N/A.

135.   N/A.

**DEFENDANT ICM REGISTRY, LLC'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT**
**CASE NO.  CV 11-9514-PSG**

136.   N/A.

137.   N/A.

138.   N/A.

139.   N/A.

**WHEREFORE**, ICM prays for judgment as follows:

1.      That Plaintiffs take nothing by their remaining claims as against ICM;

2.      That the remaining claims be dismissed in their entirety with prejudice as against ICM;

3.      That ICM be awarded all fees and costs associated with the claims against ICM;

4.      That the Court award such other and further relief as it deems just and proper.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, ICM sets forth the following affirmative defenses to Plaintiffs' First Amended Complaint ("FAC"):

### First Affirmative Defense

(Failure to State a Claim)

1.      Plaintiffs' FAC fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

(Laches)

2.      Plaintiffs' claims are barred in whole or in part by the doctrine of laches in that Plaintiffs knew, or had reason to know, that beginning as early as 2004, ICM commenced its efforts to obtain approval of the .XXX TLD by ICANN, including efforts to persuade ICANN that the .XXX TLD met the sponsorship criteria and that ICM's application for the .XXX TLD warranted approval.

///

3.     Plaintiffs knew, or had reason to know, in June 2005, ICANN had approved ICM's application for the .XXX TLD and directed that ICANN's President and General Counsel begin negotiating an agreement with ICM.

4.     Notwithstanding Plaintiffs' knowledge or reason to know of the foregoing, Plaintiffs unreasonably delayed in bringing an action to enforce their claims. As a result, ICM has been prejudiced in its ability to properly defend this action in that, *inter alia*,  necessary witnesses may no longer be available and documents may no longer exist.

## Third Affirmative Defense

### (Waiver)

5.     Plaintiffs' claims are barred in whole or in part by the doctrine of waiver in that Plaintiffs initially sought to buy into ICM's registry operation services, offered to join ICM in its provision of .XXX registry operation services, and sought to establish a revenue split with ICM of profits obtained from running certain premium .XXX domains.  Plaintiffs' actions led ICM to believe that they were waiving their antitrust challenges to ICM's registry operation services of the .XXX TLD by seeking to participate in the conduct that they now challenge.

## Fourth Affirmative Defense

### (Estoppel)

6.     Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel in that Plaintiffs initially sought to buy into ICM's registry operation services, offered to join ICM in its provision of .XXX registry operation services, and sought to establish a revenue split with ICM of profits obtained from running certain premium .XXX domains.  Plaintiffs' actions led ICM to believe that they were waiving their antitrust challenges to ICM's registry operation services of the .XXX TLD by seeking to participate in the conduct that they now challenge.

///

///

**Fifth Affirmative Defense**

(Standing)

7.     Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs lack standing because Plaintiffs have not suffered any antitrust injury to its business or property and Plaintiffs are not participants in the relevant markets, including defensive registrations and affirmative registrations in the .XXX TLD.

**Sixth Affirmative Defense**

(Statute of Limitations)

8.     Plaintiffs' claims are barred in whole or in part to the extent that they are barred by the statute of limitations because they arose on or about 2004, more than seven (7) years before Plaintiffs commenced this action.

**Seventh Affirmative Defense**

(No Injury or Damages)

9.     Plaintiffs have sustained no injury in fact or damages caused by any act or omission of ICM because Plaintiffs are neither participants in the relevant markets, including defensive registrations and affirmative registrations in the .XXX TLD, nor do Plaintiffs have the sufficient intent or capabilities to enter these markets.

**Eighth Affirmative Defense**

(No Cognizable Injury)

10.     Plaintiffs have not suffered and will not suffer any injury that is cognizable under the antitrust laws because Plaintiffs are neither participants in the relevant markets, including defensive registrations and affirmative registrations in the .XXX TLD, nor do Plaintiffs have the sufficient intent or capabilities to enter these markets.

///

///

///

**DEFENDANT ICM REGISTRY, LLC'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT**

**CASE NO.  CV 11-9514-PSG**

### Ninth Affirmative Defense

#### (No Antitrust Liability)

11.     The activities of ICM alleged in the FAC do not give rise to antitrust liability because they did not result in adverse effects on competition or, in the alternative, any such effects were outweighed by the pro-competitive benefits of the activities.

### Tenth Affirmative Defense

#### (Legitimate Business Conduct)

12.     ICM has at all times and in all relevant manners acted reasonably, as necessary to serve legitimate business purposes, in furtherance of trade, in good faith, and with the purpose and effect of promoting, encouraging, or increasing competition.  ICM has not acted with the purpose or intent to suppress or restrain competition.

### Eleventh Affirmative Defense

#### (Lack of Cognizable Relevant Market)

13.     Plaintiffs have failed to define a relevant antitrust market that supports their claims.

### Twelfth Affirmative Defense

#### (Reservation of Rights and Additional Defenses)

14.     ICM has insufficient knowledge or information on which to form a belief as to whether it may have addition, as yet unstated, affirmative defenses available in this action.  ICM therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

///

///

///

1

## **<u>Thirteenth Affirmative Defense</u>**

2

(Other Defenses Incorporated by Reference)

3

15.    ICM hereby adopts and incorporates by this reference any and all

4

other defenses asserted, or eventually asserted, by any other defendant in this

5

proceeding.

6

Dated:  November 2, 2012                                    Respectfully submitted,

7

GORDON & REES LLP

8

9

by

10

Richard P. Sybert
Hazel Mae B. Pangan
Attorneys for Defendant
ICM REGISTRY, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT ICM REGISTRY, LLC'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT**
**CASE NO.  CV 11-9514-PSG**

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, ICM Registry, LLC hereby demands a trial by jury on all issues so triable.

Dated:  November 2, 2012

Respectfully submitted,
GORDON & REES LLP

by _____
Richard P. Sybert
Hazel Mae B. Pangan
Attorneys for Defendant
ICM REGISTRY, LLC

DEFENDANT ICM REGISTRY, LLC'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT
CASE NO.  CV 11-9514-PSG

## <u>CERTIFICATE OF E-FILE SERVICE</u>

I hereby certify that on November 2, 2012, a copy of the foregoing document and was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail (N/A). Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Kevin Elliot Gaut<br>Jean P. Nogues<br>Thomas P. Lambert<br>Mitchell Silberberg and Knupp LLP<br>11377 West Olympic Boulevard<br>Los Angeles, CA  90064<br>(310) 312-3179<br>Fax: (310) 312-3100<br>keg@msk.com<br>jpn@msk.com<br>tpl@msk.com<br><br>Attorneys for Plaintiffs<br>Manwin Licensing International<br>S.A.R.L. and Digital Playground, Inc. | Jeffrey A. LeVee<br>Kathleen P. Wallace<br>Cindy Zone Reichline<br>Jones Day<br>555 South Flower Street, 50th Floor<br>Los Angeles, CA  90071<br>(213) 489-3939<br>Fax: (213) 243-2539<br>jlevee@jonesday.com<br>kwallace@jonesday.com<br>creichline@jonesday.com<br><br>Attorneys for Defendant,<br>Internet Corporation for Assigned<br>Names and Numbers |
| J. Matthew Williams<br>Mitchell Silberberg and Knupp LLP<br>1818 N Street NE 8th Floor<br>Washington, DC  20036<br>(202) 355-7900<br>Fax: (310) 312-3100<br>mxw@msk.com<br>Attorneys for Plaintiffs<br>Manwin Licensing International<br>S.A.R.L. and Digital Playground, Inc. | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and executed on November 2, 2012, in the City of San Diego, State of California.

*/s/ Richard P. Sybert*

Richard P. Sybert

**DEFENDANT ICM REGISTRY, LLC'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT**
**CASE NO.  CV 11-9514-PSG**