Jeffrey A. LeVee (State Bar No. 125863)
  jlevee@jonesday.com
Eric P. Enson (State Bar No. 204447)
  epenson@jonesday.com
Beong-Soo Kim (State Bar No. 212911)
  bkim@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071.2300
Telephone:  213.489.3939
Facsimile:   213.243.2539

Attorneys for Defendant
Internet Corporation for Assigned Names and
Numbers

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Manwin Licensing International S.A.R.I. and Digital Playground, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> ICM Registry, Inc., and Internet Corporation for Assigned Names and Numbers, <br><br> Defendants. | Case No. CV 11-9514 PSG (JCGx) <br><br> **FIRST AMENDED ANSWER OF DEFENDANT ICANN TO FIRST AMENDED COMPLAINT** |

Defendant Internet Corporation for Assigned Names and Numbers ("ICANN") hereby answers and responds to plaintiffs' First Amended Complaint ("FAC"), portions of which have been dismissed as a result of the Court's order dated August 14, 2012.

1.      ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and, on that basis, denies the allegations.

2.      ICANN denies the allegations of paragraph 2.

3.      ICANN denies the allegations of paragraph 3, including each of its subparts, except admits that it is generally responsible for coordinating the Internet's domain name system (DNS) and that it approved the .XXX TLD and entered into a Registry Agreement with defendant ICM pursuant to which ICM operates the .XXX TLD.  As to the specific allegations of how ICM has operated the .XXX TLD, ICANN lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

4.      ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and, on that basis, denies the allegations.

5.      ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and, on that basis, denies the allegations.

6.      ICANN denies the allegations of paragraph 6 except admits that it is a California non-profit public benefit corporation, was created in 1998, has authority to decide which TLDs to approve and enters into agreements with TLD registry operators.  ICANN states further that it recently moved its principal place of business to Los Angeles, California.

7.      ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and, on that basis, denies the allegations.  ICANN admits that it has an agreement with ICM to operate the .XXX TLD.

8.      ICANN denies the allegations of paragraph 8.

9.      ICANN admits that the complaint asserts claims under the Sherman Act, denies that any of those claims is legally viable, and denies the remaining allegations of paragraph 9.

10.     ICANN denies the allegations of paragraph 10 except admits that it is subject to personal jurisdiction in the State of California and is organized under

First Amended Answer of ICANN to 1st  Amend.
Compl. Case No. CV 11-9514 PSG (JCGx Gx)

California law.  ICANN states further that it recently moved its principal place of business to Los Angeles, California.

11.    ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and, on that basis, denies the allegations.

12.    ICANN denies the allegations of paragraphs 12 except admits that venue is proper in this judicial district.

13.    ICANN generally admits the allegations of paragraph 13 except notes that the allegations are dramatically simplified in terms of how the Internet actually functions.

14.    ICANN generally admits the allegations of paragraph 14 except notes that the allegations are dramatically simplified in terms of how the Internet actually functions.

15.    ICANN generally admits the allegations of paragraph 15 except notes that the allegations are dramatically simplified in terms of how the Internet actually functions.

16.    ICANN generally admits the allegations of paragraph 16 except notes that the allegations are dramatically simplified in terms of how the Internet actually functions.

17.    ICANN generally admits the allegations of paragraph 17 except notes that the allegations are dramatically simplified in terms of how the Internet actually functions.

18.    ICANN generally admits the allegations of paragraph 18 except notes that the allegations are dramatically simplified in terms of how the Internet actually functions.

19.    ICANN generally admits the allegations of paragraph 19 except notes that the allegations are dramatically simplified in terms of how the Internet actually functions.

First Amended Answer of ICANN to 1st  Amend.
Compl. Case No. CV 11-9514 PSG (JCGx Gx)

- 3 -

20.    ICANN generally admits the allegations of paragraph 20 except notes that the allegations are dramatically simplified in terms of how the Internet actually functions.

21.    ICANN admits the allegations of paragraph 21.

22.    ICANN denies the allegations of paragraph 22 because they are over-simplified.  ICANN admits that registry operators are responsible for individual TLDs, that consumers are frequently referred to as registrants, and that registrants contract with registrars or resellers to obtain domain name subscriptions.

23.    ICANN admits the allegations of paragraph 23.

24.    ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and, on that basis, denies the allegations.

25.    ICANN denies the allegations of paragraph 25 except admits that, in 1998, ICANN entered into a memorandum of understanding with the United States Department of Commerce (DOC) related to the DNS.  That memorandum of understanding speaks for itself.

26.    ICANN generally denies the allegations of paragraph 26 because the materials quoted in the paragraph speak for themselves.

27.    ICANN denies the allegations of paragraph 27 and states that ICANN's Articles of Incorporation speak for themselves.

28.    ICANN generally denies the allegations of paragraph 28 and states that ICANN's Bylaws speak for themselves.  ICANN admits that it receives input from several Advisory Committees, including the GAC.

29.    ICANN generally denies the allegations of paragraph 29 and states that ICANN's agreements with the DOC would speak for themselves.

30.    ICANN denies the allegations of paragraph 30.

31.    ICANN denies the allegations of paragraph 31, except that part of ICANN's general mission is to coordinate the Internet DNS and expand the number

First Amended Answer of ICANN to 1st  Amend.
Compl. Case No. CV 11-9514 PSG (JCGx Gx)

- 4 -

of Internet TLDs.

32.   ICANN denies the allegations of paragraph 32 except admits that it receives fees from Internet registries and registrars.

33.   ICANN denies the allegations of paragraph 33 except admits that it does receive contributions.

34.   ICANN denies the allegations of paragraph 34 except admits that ICM applied for the .XXX TLD in 2000 and that ICANN did not accept the application.

35.   ICANN denies the allegations of paragraph 35 except admits that, in approximately 2004, ICM applied for a sponsored TLD.

36.   ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and, on that basis, denies the allegations except admits that ICM proposed to have IFFOR be the sponsoring organization for the .XXX TLD.

37.   ICANN denies the allegations of paragraph 37 except admits that ICANN did not initially accept ICM's 2004 application.

38.   ICANN incorporates its responses to paragraphs 39-51.

39.   ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39, including each of its subparts, and, on that basis, denies the allegations.

40.   ICANN denies the allegations of paragraph 40 except admits that the ICANN Board took certain preliminary steps in June 2005 with respect to the .XXX TLD.

41.   ICANN generally denies the allegations of paragraph 41 because they are oversimplified, except admits that, in March 2006, the GAC issued the so-called Wellington Communique, and admits that ICANN deferred a final decision on the ICM application.

42.   ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and, on that basis, denies the

First Amended Answer of ICANN to 1st Amend.
Compl. Case No. CV 11-9514 PSG (JCGx Gx)

allegations.  ICANN admits that ICM submitted materials to the ICANN ombudsman.

43.    ICANN generally denies the allegations of paragraph 43 because they are oversimplified, except admits that, in March 2007, ICANN's Board voted to reject the .XXX TLD.  ICANN also admits that ICM filed a request for reconsideration that was later withdrawn.

44.    ICANN admits the allegations of paragraph 44.

45.    ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and, on that basis, denies the allegations.  ICANN states further that the documents referenced in paragraph 45 speak for themselves.

46.    ICANN denies the allegations of paragraph 46 and states that the IRP's decision speaks for itself.

47.    ICANN denies the allegations of paragraph 47 except admits that ICANN publicly posted the IRP decision.  The documents referenced in paragraph 47 speak for themselves.

48.    ICANN admits the allegations of paragraph 48.

49.    ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and, on that basis, denies the allegations.

50.    ICANN denies the allegations of paragraph 50.

51.    ICANN denies the allegations of paragraph 51.

52.    ICANN incorporates its responses to paragraphs 53-58.

53.    ICANN denies the allegations of paragraph 53 and states that the registry agreement between ICM and ICANN speaks for itself.

54.    ICANN denies the allegations of paragraph 54 except admits that, on one occasion, ICANN obtained bids for a TLD and admits that certain registry agreements contains price caps.

First Amended Answer of ICANN to 1st  Amend.
Compl. Case No. CV 11-9514 PSG (JCGx Gx)

- 6 -

55.     ICANN denies the allegations of paragraph 55 and states further that ICM was the only applicant for the .XXX sTLD.

56.     ICANN denies the allegations of paragraph 56, including its subparts, and states that the registry agreement between ICM and ICANN speaks for itself.

57.     ICANN denies the allegations of paragraph 57.

58.     ICANN denies the allegations of paragraph 58.

59.     ICANN incorporates its responses to paragraphs 60-70.

60.     ICANN denies the allegations of paragraph 60.

61.     ICANN denies the allegations of paragraph 61.

62.     ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and, on that basis, denies the allegations.

63.     ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 and, on that basis, denies the allegations.

64.     ICANN denies the allegations of paragraph 64.

65.     ICANN denies the allegations of paragraph 65.

66.     ICANN denies the allegations of paragraph 66.  Further, the Court's order of August 14, 2012 dismissed claims based on an affirmative registration market.

67.     ICANN denies the allegations of paragraph 67.

68.     ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and, on that basis, denies the allegations..

69.     ICANN denies the allegations of paragraph 69.

70.     ICANN denies the allegations of paragraph 70.

71.     ICANN incorporates its responses to paragraphs 72-88.

72.     ICANN denies the allegations of paragraph 72.

First Amended Answer of ICANN to 1st  Amend.
Compl. Case No. CV 11-9514 PSG (JCGx Gx)

73.     ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 and, on that basis, denies the allegations.

74.     ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 and, on that basis, denies the allegations.

75.     ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 and, on that basis, denies the allegations.

76.     ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76, including its subparts, and, on that basis, denies the allegations.  ICANN denies that it was aware of any unreasonable or anticompetitive restrictions imposed by ICM's policies.

77.     ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 and, on that basis, denies the allegations.

78.     ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 and, on that basis, denies the allegations.

79.     ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 and, on that basis, denies the allegations.

80.     ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 and, on that basis, denies the allegations.

81.     ICANN denies the allegations of paragraph 81.

82.     ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 and, on that basis, denies the

First Amended Answer of ICANN to 1st  Amend.
Compl. Case No. CV 11-9514 PSG (JCGx Gx)

allegations.

83.     ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83, including its subparts, and, on that basis, denies the allegations.

84.     ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 and, on that basis, denies the allegations.

85.     ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 and, on that basis, denies the allegations.

86.     ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 and, on that basis, denies the allegations.

87.     ICANN denies the allegations of paragraph 87.

88.     ICANN denies the allegations of paragraph 88.

89.     ICANN denies the allegations of paragraph 89 except generally admits that the conduct, as alleged, may implicate interstate commerce.

90.     ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 and, on that basis, denies the allegations.

91.     ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 and, on that basis, denies the allegations.

92.     ICANN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 and, on that basis, denies the allegations.

93.     ICANN incorporates its responses to paragraphs 1-92.

94.     ICANN denies the allegations of paragraph 94 and further denies that

First Amended Answer of ICANN to 1st  Amend.
Compl. Case No. CV 11-9514 PSG (JCGx Gx)

- 9 -

1    plaintiffs have identified a relevant market for antitrust purposes.

2         95.    ICANN denies the allegations of paragraph 95.

3         96.    ICANN denies the allegations of paragraph 96, including its subparts.

4         97.    ICANN denies the allegations of paragraph 97, including its subparts.

5         98.    ICANN denies the allegations of paragraph 98.

6         99.    ICANN denies the allegations of paragraph 99, including its subparts.

7         100.   ICANN denies the allegations of paragraph 100.

8         101.   ICANN incorporates its responses to paragraphs 1-92.

9         102.   ICANN denies the allegations of paragraph 102 and further denies that

10   plaintiffs have identified a relevant market for antitrust purposes.

11        103.   ICANN denies the allegations of paragraph 103.

12        104.   ICANN denies the allegations of paragraph 104.

13        105.   ICANN denies the allegations of paragraph 105, including its subparts.

14        106.   ICANN denies the allegations of paragraph 106.

15        107.   ICANN denies the allegations of paragraph 107, including its subparts.

16        108.   ICANN denies the allegations of paragraph 108.

17        109.   ICANN denies the allegations of paragraph 109.

18        110.   ICANN denies the allegations of paragraph 110.

19        110-121.  In its order of August 14, 2012, the Court dismissed the third cause

20   of action.

21        122-130.  The fourth cause of action does not assert a claim against ICANN.

22        131-139.  In its order of August 14, 2012, the Court dismissed the fifth cause

23   of action, which does not assert a claim against ICANN in all events.

24                        **AFFIRMATIVE DEFENSES**

25                          First Affirmative Defense

26                         (Failure To State A Claim)

27        140.   The allegations of the FAC do not state a claim against ICANN.

28

First Amended Answer of ICANN to 1st  Amend.
Compl. Case No. CV 11-9514 PSG (JCGx Gx)

- 10 -

Second Affirmative Defense

(Trade or Commerce)

141.   As ICANN argued in its motion to dismiss, the allegations of the FAC do not state antitrust claims against ICANN because ICANN's decisions and conduct did not involve trade or commerce, as required under the antitrust laws.

Third Affirmative Defense

(Waiver and Laches)

142.   Plaintiffs' claims are barred by the doctrines of waiver and laches. Plaintiffs allege that in 2004, ICM "embarked on a predatory campaign of misinformation and other misconduct" in an effort to persuade and pressure ICANN into approving the .XXX TLD and ICM as the registry operator of that TLD.  (FAC ¶¶ 39, 40.)  In addition, Plaintiffs allege that, in 2005, ICM applied improper pressure in an effort to coerce ICANN's approval of .XXX.  (*Id*. at ¶ 42.)  Plaintiffs further claim that this alleged conduct, in part, caused ICANN to approve ICM as the registry operator of the .XXX TLD.  (*Id*. at ¶ 3(e).)  Plaintiff, however, neglected to, and delayed in, bringing the instant action to remedy these alleged wrongs until November of 2011, thereby intentionally abandoning, relinquishing and waiving its alleged rights for the conduct alleged in the FAC.  This delay has caused prejudice to ICANN and operates as an equitable bar to Plaintiffs' claims under the doctrines of waiver and laches.

Fourth Affirmative Defense

(No Antitrust Injury)

143.   Plaintiffs have not suffered an antitrust injury sufficient to assert their claims against ICANN.  Plaintiffs allege a speculative and future injury that has not yet occurred, has not harmed the overall competitive process, and is, at best, the result of increased, rather than decreased, competition.  Accordingly, Plaintiffs have failed to allege, and cannot prove, that they have suffered an antitrust injury; that is, an injury of the type the antitrust laws were intended to prevent and that flows from

First Amended Answer of ICANN to 1st  Amend.
Compl. Case No. CV 11-9514 PSG (JCGx Gx)

1    that which makes ICANN's alleged acts unlawful.

2                              Fifth Affirmative Defense

3                                (Lack of Standing)

4          144.   Plaintiffs lack standing to assert their antitrust claims.  First, Plaintiffs

5    have not suffered an antitrust injury, as required to have standing to bring the

6    antitrust claims alleged in the FAC.  Second, Plaintiffs have not suffered an injury-

7    in-fact because they have not defensively registered domain names within the

8    .XXX TLD and none of Plaintiffs' claimed domain names have been registered in

9    the .XXX TLD.  Third, any alleged future harm is speculative and would be

10   indirectly caused by ICANN's alleged conduct.  Accordingly, Plaintiffs lack

11   standing to assert the antitrust claims alleged in the FAC.

12                             Sixth Affirmative Defense

13                         (Lack of Cognizable Relevant Market)

14         145.   As ICANN argued in its motion to dismiss, Plaintiffs have failed to

15   define a relevant antitrust market that supports their claims because the alleged

16   relevant market does not encompass the relevant product at issue as well as all

17   economic substitutes for the product.

18                            Seventh Affirmative Defense

19                           (Legitimate Business Conduct)

20         146.   Plaintiff's claims are barred because all of ICANN's actions, as

21   alleged, to the extent they occurred, were lawful, undertaken in good faith, with the

22   absence of malicious intent, did not wrongfully interfere with Plaintiffs' business,

23   and were the result of lawful, pro-competitive, independent conduct carried out in

24   the furtherance of  ICANN's legitimate business interests.

25                             Eighth Affirmative Defense

26                               (Additional Defenses)

27         147.   ICANN has not knowingly or intentionally waived any applicable

28   defenses and reserves the right to assert and rely on such other applicable defenses

First Amended Answer of ICANN to 1st  Amend.
Compl. Case No. CV 11-9514 PSG (JCGx Gx)

- 12 -

1    as may become available or apparent during discovery proceedings.  ICANN

2    further reserves the right to amend its First Amended Answer and/or defenses

3    accordingly and/or to delete defenses that it determines during the course of

4    subsequent discovery are not applicable.

5                              Ninth Affirmative Defense

6                     (Other Defenses Incorporated by Reference)

7           148.   ICANN hereby adopts and incorporates by this reference any and all

8    other defenses asserted, or eventually asserted, by any other defendant in this

9    proceeding.

10

11          WHEREFORE, ICANN prays that the Court enter judgment in ICANN's

12   favor, and against plaintiffs, that the Court award ICANN its costs, and that the

13   Court issue such other and further relief as the Court deems just and proper.

14

15
     Dated:        November 5, 2012          JONES DAY
16

17

18                                           By:_____ /s/ _____
                                             Jeffrey A. LeVee
19                                           Attorneys for Defendant
                                             INTERNET CORPORATION FOR
20                                           ASSIGNED NAMES AND
                                             NUMBERS
21

22

23   LAI-3179016v1

24

25

26

27

28