THOMAS P. LAMBERT (50952)
tpl@msk.com
JEAN PIERRE NOGUES (84445)
jpn@msk.com
KEVIN E. GAUT (117352)
keg@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs and Counterclaim Defendants Manwin Licensing International S.À.R.L., a Luxemburg Limited Liability Company (S.À.R.L.), and Digital Playground, Inc., a California Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION - ROYBAL FEDERAL BUILDING

MANWIN LICENSING INTERNATIONAL S.À.R.L., a Luxemburg limited liability company (S.À.R.L.); and DIGITAL PLAYGROUND, INC., a California corporation,

Plaintiffs,

v.

ICM REGISTRY, LLC, d/b/a .XXX, a Delaware limited liability corporation; INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS, a California nonprofit public benefit corporation; and DOES 1-10,

Defendants.

AND RELATED COUNTERCLAIM

CASE NO. CV11-9514 PSG (JCGx)

The Honorable Philip S. Gutierrez

**COUNTERCLAIM DEFENDANTS' NOTICE OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16 (ANTI-SLAPP)**

Courtroom: 880 Roybal Federal Building

Date: February 11, 2013

Time: 1:30 p.m

Mitchell Silberberg & Knupp LLP
4983722.4

**COUNTERCLAIM DEFENDANTS SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA CODE OF CIVIL PROC. SEC. 425.16 (ANTI-SLAPP)**

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 11, 2013 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 880, located at Roybal Federal Building, 255 E. Temple Street, Los Angeles, CA 90006, Plaintiffs and Counterclaim Defendants Manwin Licensing International S.À.R.L. and Digital Playground, Inc. (collectively "Manwin") will and hereby do move, pursuant to California Code of Civil Procedure section 425.16, for an order striking, with prejudice, ICM Registry, LLC's ("ICM") Sixth and Seventh Claims contained in its First Amended Counterclaims, for unfair competition under California Business & Professions Code Section 17200, and tortious interference with prospective economic advantage, respectively. Manwin also will and hereby does, move for an order, pursuant to California Code of Civil Procedure section 425.16, awarding Manwin its reasonable attorneys' fees incurred in bringing this motion.

This motion is made on the grounds that ICM's state law unfair competition and tortious interference with prospective economic advantage counterclaims arise from protected activity, and ICM cannot establish a probability that it will prevail on either counterclaim.

This motion is based upon this Notice of Motion; the attached Memorandum of Points and Authorities; the concurrently filed declaration of Kate Miller; all pleadings and other records on file in this action; and such further evidence and arguments as may be presented at or before any hearing on the motion.

//

//

//

Mitchell Silberberg & Knupp LLP
4983722.4

1

COUNTERCLAIM DEFENDANTS SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA CODE OF CIVIL PROC. SEC. 425.16 (ANTI-SLAPP)

In compliance with Local Rule 7-3, counsel for Manwin and ICM have met and conferred extensively on these matters, including by telephone on November 28, 2012. Despite these efforts, the parties have been unable to resolve their disputes.

DATED: December 7, 2012

THOMAS P. LAMBERT
JEAN PIERRE NOGUES
KEVIN E. GAUT
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Jean Pierre Nogues
Jean Pierre Nogues
Attorneys for Plaintiffs and Counterclaim Defendants

Mitchell Silberberg & Knupp LLP
4983722.4

2

COUNTERCLAIM DEFENDANTS SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA CODE OF CIVIL PROC. SEC. 425.16 (ANTI-SLAPP)

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1
II. BACKGROUND .......... 1
III. ANTI-SLAPP STANDARDS .......... 3
IV. ICM'S STATE LAW CAUSES OF ACTION ARISE FROM PROTECTED ACTIVITY .......... 4
A. Protected Anti-SLAPP Activity .......... 4
B. Manwin's Challenged Activity is Protected .......... 5
1. Manwin's Speech is Protected Activity .......... 5
2. Manwin's Boycott Is Protected Activity .......... 6
3. Manwin's Pre-Litigation Demands Are Protected Activity .......... 7
V. ICM CANNOT SHOW A LIKELIHOOD OF PREVAILING ON THE MERITS .......... 8
VI. MANWIN IS ENTITLED TO ITS FEES IN BRINGING THIS MOTION .......... 9

i

Mitchell Silberberg & Knupp LLP
4983722.4
COUNTERCLAIM DEFENDANTS SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA CODE OF CIVIL PROC. SEC. 425.16 (ANTI-SLAPP)

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Blanchard v. DIRECTV, Inc.*,
123 Cal. App. 4th 903, 20 Cal. Rptr. 3d 38 (2004) .......... 7

*Cedars-Sinai Med. Ctr. v. Global Excel Mgmt.*,
No. CV 09-3627 PSG, 2009 U.S. Dist. LEXIS 120411 (C.D. Cal. Dec. 4, 2009) (Gutierrez, J.) .......... 3

*Cross v. Cooper*,
197 Cal. App. 4th 357, 127 Cal. Rptr. 3d 903 (2011) .......... 5

*Equilon Enterprises v. Consumer Cause, Inc.*,
29 Cal. 4th 53, 124 Cal. Rptr. 2d 507 (2002) .......... 7

*Fashion 21 v. Coalition for Humane Immigrant Rights of Los Angeles*,
117 Cal. App. 4th 1138, 12 Cal. Rptr. 3d 493 (2004) .......... 7

*Feldman v. 1100 Park Lane Associates*,
160 Cal. App. 4th 1467, 74 Cal. Rptr. 3d 12 (2008) .......... 8

*Fleming v. Coverstone*,
No. 08cv355 WQH, 2009 U.S. Dist. LEXIS 22021 (S.D. Cal. Mar. 18, 2009) .......... 8

*Fox Searchlight Pictures, Inc. v. Paladino*,
89 Cal. App. 4th 294, 106 Cal. Rptr. 2d 906 (2001) .......... 5

*Navellier v. Sletten*,
29 Cal. 4th 82, 124 Cal. Rptr. 2d 530 (2002) .......... 3

*Neville v. Chudacoff*,
160 Cal. App. 4th 1255, 73 Cal. Rptr. 3d 383 (2008) .......... 7

*New.Net, Inc. v. Lavasoft*,
356 F. Supp. 2d 1090 (C.D. Cal. 2004) .......... 9

*Overhill Farms, Inc. v. Lopez*,
190 Cal. App. 4th 1248, 119 Cal. Rptr. 3d 127 (2010) .......... 7

*Paiva v. Nichols*,
168 Cal. App. 4th 1007, 85 Cal. Rptr. 3d 838 (2008) .......... 3, 8

*Pistoresi v. Madera Irrigation Dist.*,
No. CV-F-08-843-LJO-DLB, 2008 U.S. Dist. LEXIS 99164 (E.D. Cal. Nov. 25, 2008) .......... 5

# TABLE OF AUTHORITIES
## (continued)


**Page(s)**

*Roberts v. McAfee, Inc.*, 660 F.3d 1156 (9th Cir. 2011) ........ 8

*Rohde v. Wolf*, 154 Cal. App. 4th 28, 64 Cal. Rptr. 3d 348 (2007) ........ 7

*Salma v. Capon*, 161 Cal. App. 4th 1275, 74 Cal. Rptr. 3d 873 (2008) ........ 4

*Steed v. Dep't of Consumer Affairs*, 204 Cal. App. 4th 112, 138 Cal. Rptr. 3d 519 (2012) ........ 4, 8

*Summit Bank v. Rogers*, 206 Cal. App. 4th 669, 142 Cal. Rptr. 3d 40 (2012) ........ 5

*Terry v. Davis Community Church*, 131 Cal. App. 4th 1534, 33 Cal. Rptr. 3d 145 (2005) ........ 5

*U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963 (9th Cir. 1999) ........ 3

*Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 33 Cal. Rptr. 2d 446 (1994) ........ 6

**STATUTES**

Cal. Code Civ. Proc.
- § 425.16 ........ 1, 5
- § 425.16(a) ........ 3
- § 425.16(b)(1) ........ 4
- § 425.16(c) ........ 9
- § 425.16(e) ........ 4
- § 425.16(e)(1) ........ 7
- § 425.16(e)(2) ........ 5, 7
- § 425.16(e)(3) ........ 5
- § 425.16(e)(4) ........ 5, 6

California Business and Professions Code § 17200 *et seq.* ........ 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Federal courts rigorously enforce California's proscriptions against lawsuits seeking to curb public participation (also known as Strategic Lawsuits Against Public Participation or "SLAPP"). *See* Cal. Code Civ. Proc. § 425.16 (California's anti-SLAPP statute). The state law counterclaims of defendant ICM Registry, LLC ("ICM") are archetypal examples of such improper use of the judicial system.

Plaintiffs Manwin Licensing International S.À.R.L. and Digital Playground, Inc. (collectively, "Manwin") among other things run adult-content websites. They have vocally and vigorously opposed ICM's establishment of the .XXX top level domain as blatantly anticompetitive and injurious to consumers. In November 2011, Manwin filed suit against ICM for violations of the Sherman Act in connection with the establishment of the .XXX top level domain.

ICM now asserts state law counterclaims arising from Manwin's protected activity in opposing .XXX. For that reason, under California's anti-SLAPP statute, those counterclaims must be dismissed unless ICM meets its burden to prove through admissible evidence a probability of prevailing on those claims. *See* Cal. Code Civ. Proc. § 425.16. ICM cannot meet that burden.

## II. BACKGROUND

ICM alleges two California state law counterclaims against Manwin: (1) for violations of California's Unfair Competition Law, California Business and Professions Code section 17200 *et seq.* (the "UCL"); and (2) for tortious interference with prospective business advantage. *See* First Amended Counterclaims ("CC") ¶¶ 90-115.

ICM premises both causes of action on three categories of speech or conduct. First, ICM complains that Manwin has engaged in speech vigorously attacking .XXX. Specifically, for example, ICM alleges that "Manwin has

1

Mitchell Silberberg & Knupp LLP
4983722.4

COUNTERCLAIM DEFENDANTS SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA CODE OF CIVIL PROC. SEC. 425.16 (ANTI-SLAPP)

publicly and privately denounced the .XXX TLD in the adult entertainment industry ….” CC ¶ 38. ICM further alleges that “Manwin has … publish[ed] false statements to third parties via press release that ICANN and ICM have engaged in an illegal scheme to eliminate competitive bidding and market restraints in violation of federal and state unfair competition laws.” CC ¶ 45.

Second, ICM alleges that Manwin has boycotted .XXX by refusing to promote or host content for websites using the .XXX top level domain, or by refusing to deal with adult industry spokesmodels or trade organizations which also contract with .XXX. *See* CC ¶¶ 32, 33, 37, 39-45. ICM's boycott allegations apparently rely in large part on a December 2, 2011 Manwin press release which reads in full:

> In addition to the lawsuit filed on November 16, 2011, Manwin has determined to cease any and all Internet liaisons with the .XXX Top Level Domain.
>
> As of today, Manwin has banned all activities between its brands and internet sites registered with a .XXX TLD.
>
> “We oppose the .XXX domain and all it stands for,” said Fabian Thylmann, Managing Partner of Manwin. “The lawsuit was just the beginning. Through this ban, we hope to make a strong statement against the .XXX domain.”
>
> Manwin will no longer permit content from or advertising for .XXX websites on its Tube sites.

Mitchell Silberberg & Knupp LLP
4983722.4

2

COUNTERCLAIM DEFENDANTS SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA CODE OF CIVIL PROC. SEC. 425.16 (ANTI-SLAPP)

> In addition, Manwin will not permit its content to be used or advertised on .XXX websites. This will prevent ICM or .XXX from exploiting the 60 million daily visitors to Manwin's network sites.
>
> By permanently blocking the .XXX domain, Manwin hopes to send a clear message that it does not support ICM or .XXX.

Declaration of Kate Miller ("Miller Decl.") ¶ 6, Ex. 1.

Third, ICM complains about demands allegedly made by Manwin during pre-litigation settlement communications. CC ¶¶ 30, 31, 34, 36, 55(e), 55(f); Miller Decl. ¶¶ 2-5. ICM falsely and pejoratively labels these demands "attempt[s] to improperly extort concessions from ICM." CC ¶ 30.

**III. ANTI-SLAPP STANDARDS**

California's anti-SLAPP statute summarily disposes of meritless causes of action intended "to chill or punish a party's exercise of constitutional rights to free speech and to petition the government for redress of grievances." *Paiva v. Nichols*, 168 Cal. App. 4th 1007, 1015, 85 Cal. Rptr. 3d 838, 846 (2008); Cal. Code Civ. Proc. § 425.16(a). The anti-SLAPP statute applies in federal court to state law causes of action. *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 972 (9th Cir. 1999); *see also Cedars-Sinai Med. Ctr. v. Global Excel Mgmt.,* No. CV 09-3627 PSG, 2009 U.S. Dist. LEXIS 120411, at *27 (C.D. Cal. Dec. 4, 2009) (Gutierrez, J.) ("Federal courts can grant special motions to strike pursuant to California's anti-SLAPP statute").

The California Legislature has mandated that the anti-SLAPP statute "shall be construed broadly." Cal. Code Civ. Proc. § 425.16(a). The statute applies no matter what the legal theory of the claim, provided it attacks protected conduct.

*See Navellier v. Sletten*, 29 Cal. 4th 82, 93, 124 Cal. Rptr. 2d 530, 539 (2002) ("the nature or form of the action is not what is critical but rather that it is against a person who has exercised certain rights").

There are two steps to a motion under the anti-SLAPP statute. First, the moving party must make a *prima facie* showing that the claims at issue "arise from" protected activity. Second, once the moving party meets that burden, the responding party must establish through admissible evidence the probability that it will prevail on its claims. *Steed v. Dep't of Consumer Affairs*, 204 Cal. App. 4th 112, 119-120, 138 Cal. Rptr. 3d 519, 525 (2012); *see also* Code Civ. Proc. § 425.16(b)(1).

As explained below, Manwin has met its initial burden, and ICM cannot meet its response burden on the counterclaims at issue.

## IV. ICM'S STATE LAW CAUSES OF ACTION ARISE FROM PROTECTED ACTIVITY

### A. <u>Protected Anti-SLAPP Activity</u>

Activity protected under the Anti-SLAPP statute includes:

- "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law";
- "any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest"; or
- "any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." *See* Cal. Code Civ. Proc. § 425.16(e).

The Anti-SLAPP statute applies even if the cause of action only ***in part*** challenges such protected activities. *See*, *e.g.*, *Salma v. Capon*, 161 Cal. App. 4th 1275, 1287, 74 Cal. Rptr. 3d 873, 883 (2008) ("A mixed cause of action is subject

4

Mitchell Silberberg & Knupp LLP
4983722.4

COUNTERCLAIM DEFENDANTS SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA CODE OF CIVIL PROC. SEC. 425.16 (ANTI-SLAPP)

to section 425.16 if at least one of the underlying acts is protected conduct, unless the allegations of protected conduct are merely incidental to the unprotected activity."); *Fox Searchlight Pictures, Inc. v. Paladino*, 89 Cal. App. 4th 294, 308, 106 Cal. Rptr. 2d 906, 918 (2001) ("a plaintiff cannot frustrate the purpose of the SLAPP statute [by] combining allegations of protected and non-protected activity under the label of one 'cause of action'").

**B. Manwin's Challenged Activity is Protected**

Under these standards, both of ICM's counterclaims are subject to the anti-SLAPP statute because they are based in large part on three forms of protected alleged Manwin speech or conduct.

**1. Manwin's Speech is Protected Activity**

Public speech on a matter of public interest is protected activity under the anti-SLAPP statute. Code Civ. Proc. § 425.16(e)(3); *Summit Bank v. Rogers*, 206 Cal. App. 4th 669, 693, 142 Cal. Rptr. 3d 40, 57 (2012) (holding posting on internet "rants and raves" board to be protected activity). Even private speech about a matter of public interest is protected. Code Civ. Proc. § 425.16(e)(4); *Terry v. Davis Community Church*, 131 Cal. App. 4th 1534, 1546, 33 Cal. Rptr. 3d 145, 153 (2005) ("subdivision (e)(4) applies to private communications concerning issues of public interest.").[1]

Manwin's speech about and criticizing .XXX is plainly about a matter of public interest. *See Cross v. Cooper*, 197 Cal. App. 4th 357, 372, 127 Cal. Rptr. 3d 903, 912 (2011) ("[C]ourts have broadly construed 'public interest'. . . . . [T]he issue need not be 'significant' to be protected by the anti-SLAPP statute—it is

[1] Statements Mawnin made in a press release announcing Manwin's filing of this case, as alleged in paragraphs 45 and 84 of the first amended counterclaims, are also protected under the Anti-SLAPP statute for the independent reason that they relate to the litigation. *See, e.g.*, Code Civ. Proc. § 425.16(e)(2), *Pistoresi v. Madera Irrigation Dist.*, No. CV-F-08-843-LJO-DLB, 2008 U.S. Dist. LEXIS 99164, at *31 (E.D. Cal. Nov. 25, 2008) (cause of action for defamation regarding assertions in press release pertaining to lawsuit "arises from" protected activity).

5

Mitchell Silberberg & Knupp LLP
4983722.4

COUNTERCLAIM DEFENDANTS SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA CODE OF CIVIL PROC. SEC. 425.16 (ANTI-SLAPP)

enough that it is one in which the public takes an interest.") (internal citations and quotation marks omitted). Indeed, ICM expressly conceded that the "public interest" requirement is satisfied. ICM *itself* brought an anti-SLAPP motion challenging state court claims asserted against ICM by Manwin in its original complaint. *See*, *e.g.*, ICM's Special Motion to Strike, ECF No. 21-1. In that motion and the declarations filed in support of it, ICM expressly admits that issues concerning the .XXX TLD meet the anti-SLAPP "public interest" standard. *Id.* at 19:19-21:4 (section titled "The .XXX sTLD is an Issue of Public Interest."); *see also id.* 9:15-17 ("The public interest in the creation of the .XXX domain has been overwhelming, and the public's fascination with the launch of ICM's .XXX sTLD far exceeds that of any other sTLD."); *id.* at 20:15-18 ("[B]oth the broader adult entertainment community and the general public have taken an interest in the unique .XXX domain and have made ICM's conduct in creating this venue for responsible erotic speech an issue of global significance."); Declaration of Stuart Lawley, ECF No. 22 (noting "intense public interest" in .XXX approval process); *id.* at ¶ 38 (estimating the number of articles written about ICM and the launch of .XXX "to number into the thousands").

**2. Manwin's Boycott Is Protected Activity**

Boycotts are protected under the anti-SLAPP statute as "other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." Code Civ. Proc. § 425.16(e)(4); *see also*, *e.g.*, *Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 821, 33 Cal. Rptr. 2d 446, 453 (1994) ("[T]he definition of an 'act in furtherance of' a person's First Amendment rights is not limited to oral and written statements. Thus if the plaintiff's suit arises out of the defendant's constitutionally protected conduct, ***such as a peaceful economic boycott*** the plaintiff should be required to satisfy the statute's requirements.")

(internal citations omitted) (emphasis added), *disapproved on other grounds*, *Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 68 n.5, 124 Cal. Rptr. 2d 507, 519 n.5 (2002); *Overhill Farms, Inc. v. Lopez*, 190 Cal. App. 4th 1248, 1255-1259, 119 Cal. Rptr. 3d 127, 135-37 (2010) (claims relating to distribution of flyer calling for boycott arose from protected activity); *Fashion 21 v. Coalition for Humane Immigrant Rights of Los Angeles*, 117 Cal. App. 4th 1138, 1143-1145, 12 Cal. Rptr. 3d 493, 496-97 (2004) (claims relating to "call for nationwide boycott" arose from protected activity).

Here, ICM alleges that Manwin's purported boycott arises out of a matter of public interest, its vocal opposition to the .XXX TLD. CC ¶¶ 38, 45, 84. That activity is thus protected within the holding of these authorities.

**3. Manwin's Pre-Litigation Demands Are Protected Activity**

"Although litigation may not have commenced, if a statement concern[s] the subject of the dispute and is made in anticipation of litigation contemplated in good faith and under serious consideration, then the statement may be petitioning activity protected by section 425.16." *Neville v. Chudacoff*, 160 Cal. App. 4th 1255, 1268, 73 Cal. Rptr. 3d 383, 394 (2008) (internal citations and quotation marks omitted); *see also* Code Civ. Proc. §§ 425.16(e)(1), (e)(2); *Rohde v. Wolf*, 154 Cal. App. 4th 28, 37, 64 Cal. Rptr. 3d 348, 355 (2007) (voicemail messages were protected activity where "the spectre of litigation loomed over all communications between the parties at that time"); *Blanchard v. DIRECTV, Inc.*, 123 Cal. App. 4th 903, 918, 20 Cal. Rptr. 3d 38, 395 (2004) (case arises from protected activity premised on "demand letter, sent in advance of, or to avoid, litigation").

Here, ICM complains about demands allegedly made by Manwin in anticipation of litigation. ICM's President Stuart Lawley so admitted in his declaration filed in support of ICM's earlier Special Motion to Strike. In the

7

Mitchell Silberberg & Knupp LLP
4983722.4

COUNTERCLAIM DEFENDANTS SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA CODE OF CIVIL PROC. SEC. 425.16 (ANTI-SLAPP)

declaration, Mr. Lawley admits that the "demands" were made during meetings between ICM and Manwin mere weeks before this lawsuit was filed, and included express threats to file litigation if the demands were not met. Lawley Decl. ¶¶ 30, 31; *see also* Miller Decl. ¶¶ 2-5. The purported demands are thus protected activity under the anti-SLAPP statute. *See*, *e.g.*, CC ¶¶ 30, 31, 34, 36, 55.

ICM's inaccurate and pejorative characterization of the discussions as "attempts to extort concessions" does not change this result. *See*, *e.g.*, CC ¶ 30; *see also Feldman v. 1100 Park Lane Associates*, 160 Cal. App. 4th 1467, 1481, 74 Cal. Rptr. 3d 1, 12 (2008) (Landlords "threats" were protected activities, as they constituted "communications in connection with an ongoing dispute and in anticipation of litigation."); *Fleming v. Coverstone*, No. 08cv355 WQH, 2009 U.S. Dist. LEXIS 22021, at *10-12 (S.D. Cal. Mar. 18, 2009) (email sent threatening to expose plaintiff's ethics violations and illegal tax scam was in anticipation of litigation and so protected activity).

## V. ICM CANNOT SHOW A LIKELIHOOD OF PREVAILING ON THE MERITS

Under the second step of the anti-SLAPP analysis, "the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims." *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1163 (9th Cir. 2011); *Steed*, 204 Cal. App. 4th at 119. To meet its burden, the moving party may not rely on its allegations alone; instead, its showing must be made through "competent admissible evidence." *Paiva*, 168 Cal. App. 4th at 1017; *see also Steed*, 204 Cal. App. 4th at 120 ("to carry his burden to demonstrate probability of prevailing on their complaint, [Plaintiff] must demonstrate ***by admissible evidence*** the probability that [he] would succeed on the merits") (internal quotation marks omitted) (emphasis added). Moreover, the moving party's showing "is considered under a standard

Mitchell Silberberg & Knupp LLP
4983722.4

8

COUNTERCLAIM DEFENDANTS SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA CODE OF CIVIL PROC. SEC. 425.16 (ANTI-SLAPP)

similar to that employed in determining nonsuit, directed verdict or summary judgment motions." *Paiva*, 168 Cal. App. 4th at 1017.

ICM cannot meet these burdens. Indeed, for the reasons specified in Manwin's simultaneously filed motions to dismiss, which is incorporated herein, ICM's state law claims fail as a matter of law.

## VI. MANWIN IS ENTITLED TO ITS FEES IN BRINGING THIS MOTION

A moving party which prevails on any portion of its anti-SLAPP motion is entitled to recover its attorney's fees. Code Civ. Proc. § 425.16(c); *see also New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1115 (C.D. Cal. 2004) ("An award is proper even if the anti-SLAPP motion is granted as to only some of a plaintiff's claims"). Manwin should thus recover its fees upon granting of this Motion.

DATED: December 7, 2012

THOMAS P. LAMBERT
JEAN PIERRE NOGUES
KEVIN E. GAUT
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Jean Pierre Nogues
    Jean Pierre Nogues
    Attorneys for Plaintiffs and
    Counterdefendants